Strafford,
No. 5008.

HENRY L. KIROUAC *v*. ROBERT G. HEALEY.

Argued April 3, 1962.

Decided June 5, 1962.

158

*Fisher, Parsons & Moran,* and *Robert H. Temple* (*Mr. Temple* orally), for the plaintiff.

*Alfred Catalfo* for the defendant, generally, furnished no brief.

*Burns, Bryant & Hinchey,* and *E. Paul Kelly* (*Mr. Kelly* orally), for the defendant, specially.

*John W. King* and *David L. Nixon* (*Mr. Nixon* orally), as *amici curiae.*

DUNCAN, J. By statute effective September 1, 1957, the provisions of RSA ch. 268 were amended to require that all policies of motor vehicle liability insurance issued or delivered in this state shall provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . and hit-and-run motor vehicles . . . because of bodily injury . . . including death resulting therefrom." Laws 1957, 305:8 (RSA 268:15 (supp)). The policy of insurance issued to the plaintiff Kirouac by the Farm Bureau Mutual Insurance Company in force on the date of the accident in question contained provisions furnishing such insurance.

On February 1, 1960, the plaintiff brought suit against Healey, and on the same date by letter of counsel notified his own insurer of this fact, further stating that he was informed that Healey was uninsured "and that claim will have to be made against you by Mr. Kirouac under the uninsured motorist clause of his policy."

Specifically the plaintiff's policy contains an undertaking by the insurer "to pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an

uninsured automobile because of bodily injury . . . sustained by the insured . . . provided, for the purposes of this coverage, determination as to whether the insured . . . is legally entitled to recover such damages, and, if so the amount thereof, shall be made by agreement between the insured . . . and the company or, if they fail to agree, by arbitration."

Under the head of "Arbitration," the policy further provides that arbitration of the question of the right of the insured to recover against the uninsured motorist, or of the amount of payment owed under the policy, shall in the event of disagreement be had "upon written demand of either" the insured or the insurer; and that the parties "each agree to consider itself bound and to be bound by any award made."

Under the head of "Conditions" the policy states: "If, before the company makes payment of loss under [the uninsured motorist provisions] the insured . . . shall institute any legal action . . . against any person . . . responsible for the use of an automobile involved in the accident, a copy of the . . . process served in . . . such legal action shall be forwarded immediately to the company by the insured . . . . "

Our attention has been called to no provision of the policy which purports to forbid suit by the insured against an uninsured motorist, although under the head of "Exclusions" it is stated: "This policy does not apply under [uninsured motorist provisions] (b) to bodily injury . . . with respect to which such insured . . . shall, without written consent of the company . . . prosecute to judgment any action against any person . . . who may be legally liable therefor . . . . "

Uninsured motorist insurance, so-called, is a comparatively recent development, designed to close a gap in the protection afforded the public under existing Financial Responsibility Acts. See *Hartford Ind. Co.* v. *Wolbarst,* 95 N. H. 40; *Merchants &c. Cas. Co.* v. *Tuttle,* 98 N. H. 349. The coverage afforded has been little discussed in decided cases, apart from decisions of the lower courts of New York. See Annot. 79 A. L. R. 2d 1252. The question presented is one of first impression here.

The case reaches us upon the plaintiff's exception to dismissal of his action against an uninsured motorist, upon the motion of his own insurer, made in the name of the uninsured defendant and grounded upon the proposition that the plaintiff is bound to arbitrate his claim against the insurer.

We are satisfied that it was error to dismiss the plaintiff's action. None of the provisions of the policy which have been furnished to us would preclude the maintenance of such an action. The insurer's right under the provisions headed "Trust Agreement" that the plaintiff shall "hold in trust for the benefit of the company all rights of recovery" against the uninsured motorist, does not arise unless and until the company has made payment of the loss to the insured. The governing statute specifically preserves to the insured "in litigating his claim against an uninsured person," his "right of trial by jury." RSA 268:8 (supp).

It may be observed at this point that the insurance provided the plaintiff is against loss suffered by him, rather than against liability to others incurred by him. Thus it is not indemnity insurance in the usual sense. See 44 C. J. S. 480, Insurance, s. 19. Nor is it a contract to indemnify the third-party uninsured motorist against liability, for the contract is not for the latter's benefit. His legal liability will be unaffected by any payment made by the insurer, who will then be subrogated to the plaintiff's rights against the uninsured motorist.

The undertaking of the insurer more closely resembles the undertaking contained in other provisions of the standard policy to pay to the insured medical expenses suffered by him as a result of injury by automobile, although the undertaking now in question is limited to payment of damages for bodily injuries occasioned by a limited category of tort feasors, namely uninsured operators against whom the insured is "legally entitled to recover." See 24 Ins. Counsel J. 134, 136-137. Thus uninsured motorist insurance more closely resembles accident insurance restricted to a limited class of accident, than it does the type of insurance commonly regarded as indemnity insurance. See 44 C. J. S. supra, 474, s. 2.

The company agrees to pay the insured whatever sums he is "legally entitled to recover" from the uninsured motorist. Although to establish the insurer's obligation it becomes necessary to determine in some fashion what, if any, amount the insured is legally entitled to recover from a third person, the insurer does not for that reason become the insurer of the third person, nor entitled to represent him, or to control his defense if he is sued. The contract of insurance does not entitle the plaintiff's insurer as a matter of law to dismissal of the pending action, even though it is permitted to intervene in the action, or compelled to appear as justice may require. See *Perkins* v. *Associates*, 100 N. H. 247.

We think it plain that the plaintiff's insurer has no standing in the pending suit to demand that the plaintiff's right to recover from the uninsured motorist be determined by arbitration between the plaintiff and his insurer, or to interfere with the plaintiff's exercise of his right to recover damages against the defendant herein, in the courts, by jury trial or otherwise.

In so holding, we need not reach the issue argued by the insurer that the plaintiff by reason of the policy provisions "voluntarily waived the right to trial by jury in prosecuting his claim against the insurer." Even though its enforcement may involve similar issues, the claim against the insurer is not presented by the pending action.

*Amici curiae*, and at least by inference, the insurer as well, urge that these proceedings be treated as a petition for declaratory judgment and that the rights and obligations of the parties under the uninsured motorist provisions be determined in this action. We are not persuaded, however, that we should embark upon an uncharted course of discussion of the many substantive and procedural questions which may arise out of this type of insurance. See Hume, The Uninsured Motorist Coverage, 12 Fed. Ins. Counsel Q., No. 2, *pp.* 7-16 (Winter 1960-1961); Uninsured Motorist Coverage, 47 Va. L. Rev. 145; 7 Appleman, Insurance Law & Practice, *s.* 4331 (1962 rev.).

If the uninsured defendant proves financially irresponsible and unable to satisfy any judgment entered against him however, the question of whether the plaintiff is bound to arbitrate his claim against the insurer, or on the other hand may enforce his policy rights in the courts without forfeiting his insurance coverage is certain to arise.

We therefore turn to the question of the plaintiff's right against his insurer, in the event that he establishes by prior action against the uninsured motorist that he is "legally entitled to recover" damages. By the terms of the policy, the coverage in question "does not apply" if the prior action is prosecuted "to judgment" without the consent of the company. Nothing in the statute prohibits this qualification upon the liability of the insurer, and the provision presumably has received the approval of the Insurance Commissioner. RSA 268:15 (supp). While it may be doubted, in view of the express statutory preservation of the insured's right to jury trial against the uninsured motorist (RSA 268:8 (supp)) that the Legislature intended the insurance required by section 15

to be thus limited, we cannot say that a contrary intent was clearly manifested. A "claim against an uninsured person" may prove collectible in whole or in part by legal process without reliance upon the insurance held by the plaintiff. It may have been thought important to preserve the right to jury trial against the motorist for this reason.

By the terms of the policy, if the plaintiff who has brought suit against the uninsured motorist intends to seek to recover from the insurer, he will be faced with the alternative of obtaining the company's consent to judgment against the motorist, or of relying solely upon arbitration of his claim against the company. Assuming that before the entry of judgment in the pending action, consent to the action is given by the insurer so that coverage is maintained, such coverage is then still subject to the proviso that the insurer's obligation shall be determined by agreement, or failing agreement by arbitration, which may be demanded by either party. Moreover under "Condition" 6 of the policy "no action shall lie against the company" unless "as a condition precedent" other requirements of the policy have first been complied with, including the requirement of arbitration.

The plaintiff and *amici* urge that the arbitration provisions of the policy are invalid, while the insurer contends that they are a voluntary waiver of the plaintiff's right to jury trial against the insurer, if not a waiver of all rights of trial in the courts, apart from petition under the statute to correct, vacate, or enforce an award made in arbitration proceedings. RSA 542:8. So far as the record discloses, the plaintiff has agreed to submit, upon written demand, to arbitration of his claim against the insurer, and to consider himself bound by the award. *American Fidelity Co.* v. *Schemel*, 103 N. H. 190, 195, and cases cited. Voluntary agreements to arbitrate are made valid in this jurisdiction by statute. RSA ch. 542. *Cf. Childs* v. *Allstate Ins. Co.*, 237 S. C. 455; *Boughton* v. *Farmers' Ins. Exch.*, (Okla.) 354 P. 2d 1085. The provisions of RSA ch. 268, *supra,* permit but do not require uninsured motorist coverage to include arbitration provisions. *Cf.* Va. Code Ann. *s.* 38.1-381(g) (supp. 1960). There is no evidence in the record that the plaintiff's acceptance of such provisions in his policy was anything but voluntary. Hence he should be bound by them to the same extent that any party to such an agreement would be bound. RSA ch. 542, *supra.*

The further question may arise whether the insurer will be

bound by findings in the pending action against the uninsured motorist if prosecuted to judgment. *Cf. Salganik* v. *Company*, 80 N. H. 450; *Bosse* v. *Insurance Company*, 88 N. H. 98. This is an issue which may be affected by considerations presently unknown, such as participation by the insurer in the pending action. It has been suggested by one writer that judgment against the uninsured motorist should be accepted as proof of both the insured's right to recover against the insurer, and of the amount of the recovery, in the absence of fraud, collusion, or other basis for invalidating the judgment or freeing the insurer from its binding effect. See Cheek, Recovery Procedure Under Uninsured Motorist Coverage, 1960 Proceedings, Section of Insurance Negligence and Compensation Law (Am. Bar. Ass'n), *pp.* 281, 289, 290. Such matters must be determined as they arise in the course of litigated cases and upon established facts. They may not now be determined in this court on abstract hypotheses.

We conclude that in the case before us the motion to dismiss was erroneously granted, and the order of the Trial Court is therefore vacated.

*Exception sustained.*

LAMPRON, J., was absent; the others concurred.