Cheshire,
No. 5339.

MILDRED G. HEIN, *Ex'x*

*v.*

NATIONWIDE MUTUAL INSURANCE COMPANY *&a.*

Argued April 7, 1965.
Decided July 21, 1965.

*Faulkner, Plaut, Hanna & Zimmerman* and *Beach & Calder* (of Connecticut) (*Mr. N. Michael Plaut* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Lawrence E. Spellman* and *Arthur W. Mudge II* (*Mr. Mudge* orally), for the defendant.

*Devine, Millimet, McDonough, Stahl & Branch* for the Royal Indemnity Company, filed no brief.

BLANDIN, J. The principal issue of law transferred is whether the defendant, Nationwide Mutual Insurance Company, must extend uninsured motorists' coverage to the plaintiff executrix. The case is one of first impression here and counsel have informed the court that they are unable to cite any authority squarely in point.

The insurance policy involved was issued and delivered to August Hein in Connecticut, where he resided. Under item 6 of the policy, headed "FINANCIAL RESPONSIBILITY," appears the following: "The liability insurance afforded by this policy under Coverages C (1) and C (2) shall comply with the provisions of any applicable motor vehicle financial responsibility law to the extent of the coverage required by such law, but not in excess

of the policy limits of liability." C (1) and C (2) are listed under the broad heading "Coverages" and a subheading "C" entitled "Property Damage & Bodily Injury-Liability." They contain the customary undertaking by the defendant insurer "To pay all sums which those entitled to protection become legally obligated to pay as damages arising out of the ownership etc. . . ." of the insured automobile.

August Hein was killed when his car, which he was operating, was in collision with an automobile driven by Ronald Caldwell, insured by the Royal Indemnity Company. Caldwell has defaulted and his company has agreed to pay $5,000 to Mrs. Hein, which is the full amount of its coverage. However, this is $5,000 less than the $10,000 minimum required by the New Hampshire financial responsibility law (RSA 268:1 VII (supp)).

The plaintiff concedes that ordinarily the relevant Connecticut statutes would govern the financial responsibility of the defendant. Gen. Stats. Conn., 1958 Rev., Vol. III, Title 14, s. 14:112. She also recognizes that the Connecticut financial responsibility act does not require uninsured motorists' coverage and that such was not mentioned in the policy. However, she insists that the policy, "by its express terms," has incorporated by reference the New Hampshire uninsured motorists' provision. RSA 268:15 (supp). She says that Caldwell was an uninsured motorist to the extent of the $5,000, this being the difference between what the Royal Indemnity Company must pay and the $10,000 minimum under the New Hampshire act, and that she is therefore entitled to collect this from Nationwide.

Section 15 (supp), *supra*, upon which she relies, was first enacted by Laws 1957, 305:8. It requires that all motor vehicle liability insurance policies "issued or delivered in this state with respect to a motor vehicle . . . registered in this state" shall provide coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles . . . because of bodily injury . . . including death resulting therefrom."

It remains to be determined whether the plaintiff's argument will stand analysis. Section 15 (supp), *supra*, specifically limits its application to policies "issued or delivered in this state" with respect to motor vehicles "registered in this state." Hein's policy was neither delivered nor issued here, nor was his automobile registered here. The clause in the policy upon which the plaintiff

relies, item 6, refers specifically to "liability insurance . . . under Coverages C (1) and C (2)." They deal only with liability insurance. As pointed out in *Kirouac* v. *Healey*, 104 N. H. 157, 160, uninsured motorists' insurance is not liability insurance in any sense, but resembles limited accident insurance. It does not undertake to protect the insured against liability he may incur to others, as does liability insurance, but rather insures him against losses occasioned to him by a limited group of tort feasors. *Kirouac* v. *Healey, supra*, 160. We believe that a fair reading of the policy by the insured should have made it obvious to him that item 6 incorporated the liability provisions of our financial responsibility act but not those of our uninsured motorists' law.

It is true that the innovation brought about by RSA 268:15 (supp) was "designed to close a gap in the protection afforded the public under existing Financial Responsibility Acts." *Kirouac* v. *Healey, supra*, 159. See *Hartford Ind. Co.* v. *Wolbarst*, 95 N. H. 40; *Merchants &c. Cas. Co.* v. *Tuttle*, 98 N. H. 349. It has properly received a liberal interpretation from our courts to the end that its purpose may be accomplished. *Kirouac* v. *Healey, supra*. Nevertheless, this does not require that we expand its meaning to cover situations to which it cannot fairly be said to be applicable. See *Gerard* v. *Massachusetts Bonding &c. Co.*, 106 N. H. 1. Since it would not appear applicable to the situation here, we hold that RSA 268:15 (supp) does not apply to the Nationwide policy.

The plaintiff further urges that certain statements in the policy should be interpreted as representations that uninsured motorists' insurance was included therein. It is true that the policy did say that it contained "the latest advancements in automobile insurance protection. With it you will enjoy insurance coverage as modern as the newest car on the road." It further suggested that if a company should issue endorsements reflecting broadened coverage without extra premium, the insured should have the benefits of them. From this, the plaintiff argues that Hein should reasonably have understood that he did possess uninsured motorists' coverage.

This type of insurance was first written in 1925 (7 N.H.B.J. 92) and has been the subject of considerable discussion since. 1964 Insurance Council Journal 665, 674; see also, *Kirouac* v. *Healey*, 104 N.H. 157. However, we do not believe that these general statements in the policy can be construed into any binding

legal undertaking by the defendant to include uninsured motorists' insurance therein. We therefore hold that RSA 268:15 (supp) did not become applicable to the policy because of any of the foregoing reasons advanced by the plaintiff.

Another contention suggested by the plaintiff is that the defendant's failure to deny coverage in its report to the Motor Vehicle Division within fifteen days after notice of the accident, as required by RSA 268:5 IV (supp), is tantamount to an admission that the policy contained such coverage. We do not believe that this position is tenable. The report by the defendant on the form which it returned to the Motor Vehicle Division under the statute is merely that the defendant issued "an automobile liability policy affording limits of at least $10,000/$20,000 bodily injury and $5,000 property damage, which policy was in effect on the date of the described accident and complied with the requirements of the New Hampshire Financial Responsibility Act." RSA 268:5 IV (supp). The defendant had issued an automobile *liability policy* which provided Hein with liability insurance within the limits required by our financial responsibility law. Nothing in the form suggested that the company had to make any representations regarding uninsured motorists' coverage which, as previously pointed out, is not liability insurance. *Kirouac* v. *Healey,* 104 N.H. 157. The statute referred to in the form (RSA 268:5 IV (supp)) "was clearly designed to provide the Commissioner with information as to whether the motorist claiming to be insured is able to furnish 'sufficient security to satisfy any judgment or judgments for damages resulting' from the accident to which the inquiry relates . . . . This purpose was necessarily apparent to the plaintiff [insurer]; and it was to be taken into account in determining the plaintiff's course of conduct." *Hartford &c. Ind. Co.* v. *Come,* 100 N.H. 177, 185. By the same token, the conduct of the defendant in the case before us cannot be deemed any admission that uninsured motorists' coverage was included in the policy. No misrepresentation was involved in the defendant's actions and no basis for estoppel against it appears. *Cf. Hartford &c. Ind. Co.* v. *Come, supra.*

The plaintiff's final argument rests upon RSA 412:2-a (supp), which provides: "No insurer shall issue or deliver any motor vehicle liability policy which does not provide at least the minimum coverage set forth in RSA 268, as amended." She asserts that this must mean that the defendant's policy having been issued by an insurer doing business in New Hampshire, must contain

"*all items of coverage,* including uninsured motorists' coverage, to the minimum limits prescribed by the provisions of ch. 268." We do not believe that section 2-a (supp), *supra,* can be interpreted to require that all insurance companies doing business in this state, regardless of where their policy was issued or where the insured resided, must contain our uninsured motorists' clause.

At the outset it should be observed that the heading of RSA ch. 412 is "Liability Insurance." Section 1 of the legislation refers specifically and only to "claims made upon the assured for damages" suffered by others. Section 2 says: "No policy covered by section 1 shall be issued or delivered until a copy of the form thereof has been filed with the insurance commissioner." This reference is plainly to liability insurance and to policies issued or delivered in this state, since our Commissioner could not prevent the activities of companies issuing policies in other states.

Section 2-a (supp), relied upon by the plaintiff, speaks of "minimum coverage" and again we believe that liability insurance was meant. If such an interpretation as the plaintiff demands should be gathered from RSA 412:1, 2, 2-a (supp) in connection with RSA ch. 268, we believe that the Legislature would have made it plain.

In summary, it appears that a reasonable construction of the policy in the light of all the surrounding circumstances leads to the determination that it did not include uninsured motorists' coverage. In view of the conclusions reached, it appears unnecessary to discuss other questions raised.

The order is

*Judgment for the defendant.*

All concurred.