252 So.2d 693 (1971)
Thomas C. SYLVEST, Jr., et al.
v.
The EMPLOYERS LIABILITY ASSURANCE CORP., Ltd.
No. 8541.
Court of Appeal of Louisiana, First Circuit.
September 2, 1971.
*694 John W. Anthony, of Talley, Anthony, Hughes & Knight, Bogalusa, for appellants.
Woodrow W. Erwin, Franklinton, for appellee.
Before ELLIS, BLANCHE and TUCKER, JJ.
ELLIS, Judge.
Plaintiffs' minor son died of injuries suffered in an automobile accident while riding as a guest passenger in a car operated by Mrs. Vera L. Fisher, which was involved in a collision with a pick-up truck owned by Marcus A. Sandifer. Plaintiffs entered into a settlement with Mrs. Fisher's insurer, Hartford Accident & Indemnity Company, which afforded to her both liability and uninsured motorist coverage.
This suit is against plaintiffs' own insurer, The Employers Liability Assurance Corporation, Limited, under the uninsured motorist feature of the policy, alleging that Marcus A. Sandifer was an uninsured motorist, and praying for $5,000.00, the policy limits. Alternatively, plaintiffs asked for $2,500.00, the difference between the amount of the settlement with Hartford and the policy limits. After trial on the merits, judgment was rendered in favor of plaintiffs for $2,500.00, and Employers has appealed.
A number of errors have been assigned by defendant in this court, but it relies chiefly on the following exclusion in the policy:
"This policy does not apply under Part IV:
* * * * * *
"(b) to bodily injury to an insured with respect to which such insured * * * should, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;"
It is not disputed that no written consent to the settlement with Hartford was given by Employers, which denied any knowledge thereof whatsoever. Plaintiffs' attorney testified that he was sure that Employers knew about the settlement before it was made.
In the case of LaBove v. American Employers Insurance Company, 189 So. 2d 315 (La.App. 3 Cir. 1966), the court found that the foregoing exclusionary clause was clear and unambiguous, and gave effect to it in a case virtually indistinguishable from the instant case. We think plaintiffs' argument that knowledge of the settlement satisfies the requirement of written consent is without merit. As stated in the LaBove case, supra:
"Our jurisprudence is settled that where the language of a policy is clear and unambiguous it constitutes the contract between the parties, which must be enforced as written. Also, in the absence of any statutory prohibition, the defendant insurer may impose whatever conditions it pleases upon its obligations under the policy. Kennedy v. Audubon Insurance Company, 82 So.2d 91 (La.App.); King v. Mason, 234 La. 299, 99 So.2d 117."
*695 We are of the opinion that defendant is not liable under its policy because of the foregoing exclusionary clause. Since we so find, we need not consider the other assignments of error made by defendant.
The judgment appealed from is reversed, and there will be judgment in favor of defendant and against plaintiffs, dismissing plaintiffs' demand at their cost.
Reversed and rendered.