Hillsborough
No. 6066

PAUL J. CHAREST

v.

UNION MUTUAL INSURANCE COMPANY OF PROVIDENCE

December 28, 1973

684

*Sheehan, Phinney, Bass & Green* and *Thomas H. Richards* and *Lee W. Mercer (Mr. Mercer* orally) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* and *David G. McDonough (Mr. Orcutt* orally) for the defenddant.

LAMPRON, J. Petition for a declaratory judgment of plaintiff's right to arbitration under the uninsured motorists provisions of his family combination automobile policy issued by the defendant. Three questions of law raised by the pleadings were reserved and transferred to this court by *King,* J. on an agreed statement of facts.

The issue raised by the first and second questions is whether plaintiff Charest has forfeited his right to arbitration of his claim for damages under the uninsured motorists provisions of his policy because without the written consent of his insurer he made a settlement with the uninsured motorist.

On March 14, 1965, Charest was injured in an automobile accident in Nashua when his car was struck in the rear by a car operated by David Fenoff, of Massachusetts. On December 29, 1967, Charest executed a covenant not to sue and received from Fenoff's insurer $5,000, the limit of its coverage. This was less than the statutory amount of $10,000 coverage against uninsured motorists which the defendant was required to provide the plaintiff by its policy and thus under our law Fenoff was an uninsured motorist as to the difference. RSA 268:15-a (Supp. 1972); *see Carrignan v. Allstate Ins. Co.,* 108 N.H. 131, 229 A.2d 179 (1967). On March 14, 1968, Charest notified the defendant Union Mutual that he intended to submit his claim for damages to arbitration under the uninsured motorists coverage of his policy. Union Mutual advised that it owed him no obligation whatsoever because he had violated paragraph (b) of the exclusions under part IV of his policy, and also paragraph (c) of the trust agreement thereunder.

The exclusion in paragraph (b) provides in part that the uninsured motorist coverage of the policy will not apply: "to bodily injury to an insured with respect to which such insured . . . without written consent of the company make[s] any settlement with any person or organization who may be legally liable therefor." The trust agreement entitles the insurer to the extent of any payment made by it to receive

the proceeds of any settlement or judgment which may be obtained by the insurer against the uninsured motorist. Paragraph (c) thereof provides that the insured "shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights" of the company which are held in trust by the insured. *Kirouac v. Healey,* 104 N.H. 157, 160, 181 A.2d 634, 636 (1962); 2 R. Long, The Law of Liability Insurance § 24.19 (1973).

RSA 268:1 VII (Supp. 1972) defines the type of motor vehicle policy which will meet the financial responsibility requirements of insured motorists in this State. RSA 268:15, now RSA 268:15-a (Supp. 1972) requires that such a policy provide coverage for accidents involving an uninsured motorist. The purpose of this requirement is to close a gap in the protection afforded the public under the existing Financial Responsibility Act. *Maryland Cas. Co. v. Howe,* 106 N.H. 422, 424, 213 A.2d 420, 421, 422 (1965). Such statutes have been liberally construed to accomplish their legislative purpose of protecting persons in automobile accidents from losses which, because of the tort-feasors' lack of liability coverage, would otherwise go uncompensated. *Hein v. Nationwide Casualty Ins. Co.,* 106 N.H. 378, 381, 213 A.2d 197, 199 (1965); *Hackman v. American Mut. Liab. Ins. Co.,* 110 N.H. 87, 90, 261 A.2d 433, 436 (1970). This court is not at liberty, however, to find uninsured motorist coverage when it is not demanded by the statute or to read into the statute a prohibition of an exclusion which is neither expressed nor implied. *Allstate Ins. Co. v. Pesqueria,* 508 P.2d 1172, 1173 (Ariz. App. 1973); *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 79, 289 A.2d 73, 76 (1972); *Sylvest v. Employer's Liab. Assur. Corp.,* 252 So. 2d 693, 694 (La. App. 1971).

Absent statutory provisions or public policy to the contrary, insurers have a right to limit their liability by exclusions written in terms appropriate to convey their meaning and effect to a reasonable person in the position of the insured. *Merchants Mut. Ins. Co. v. Transformer Serv. Inc.,* 112 N.H. 360, 362, 298 A.2d 112, 114 (1972); *McCaffery v. St. Paul Fire Ins. Co.,* 108 N.H. 373, 375, 236 A.2d 490, 492 (1967); *Aetna Ins. Co. v. Pete Wilson Roofing & Heating Co., Inc.,* 289 Ala. 719, 272 So. 2d 232 (1972). Exclusion (b) in the policy

in question is unambiguous. It specifically and clearly provides that the uninsured motorist coverage will not apply if a settlement is made without the written consent of the insurer. The same is true of paragraph (c) of the trust agreement which states that the insured "shall do nothing after loss to prejudice . . . rights" of the insurer. This agreement is similar to a subrogation clause and is designed to confer on the insurer to the extent of any payment made by it the subrogation right to all recovery from the uninsured motorist until the company has been reimbursed. *Raitt v. National Grange Mut. Ins. Co.*, 111 N.H. 397, 400, 285 A.2d 799, 801, 802 (1971); *Kirouac v. Healey*, 104 N.H. 157, 162, 181 A.2d 634, 637 (1962).

Such clauses are not in violation of the provisions of RSA 268:15 or RSA 268:15-a (Supp. 1972) nor do they violate RSA 268:16 (Supp. 1972) which specifically excludes uninsured motorist policy provisions from its requirements. *Kirouac v. Healey*, 104 N.H. 157, 181 A.2d 634 (1962). No consideration of public policy has been advanced, and we know of none, which should or does preclude the parties to an insurance policy from so contracting. *See Jessie v. Security Mut. Cas. Co.*, 488 S.W.2d 140 (Tex. Civ. App. 1972); *Kisling v. MFA Mut. Ins. Co.*, 399 S.W.2d 245 (Mo. Ct. App. 1966). It is clear from the agreed statement of facts that these policy clauses were violated when the plaintiff received $5,000 from the uninsured motorist's insurer under a covenant not to sue without having obtained the written consent of his insurer. *Dancy v. State Farm Mut. Auto Ins. Co.*, 324 F. Supp. 964 (S.D. Ala. 1971); A. Widiss, A Guide to Uninsured Motorist Coverage § 5.7, at 168 (1969); *id.* (Supp. 1973, at 122); *Kirouac v. Healey*, 104 N.H. 157, 162, 181 A.2d 634, 637 (1962).

Absent fraud on the part of the insurer, or waiver or estoppel by unreasonable withholding of consent or otherwise, the settlement made by the plaintiff without the written consent of the insurer forfeited his uninsured motorist coverage in accordance with the terms of the policy. *See Oren v. General Acc. Fire and Life Assur. Corp.*, 175 So. 2d 581, 582 (Fla. App. 1965). There is no allegation of fraud or of arbitrary refusal of consent. The plaintiff relies on the fact that the uninsured

motorist Fenoff was 18 years of age at the time of the accident, left school in the tenth grade and was a peripatetic carpenter to argue that the insurer was not prejudiced by the settlement and should not be permitted to rely on the policy provisions in question. RSA 268:16 (Supp. 1972) provides that motor vehicle policies issued to satisfy the requirements of financial responsibility must contain certain specified provisions. However, uninsured motorist coverage is specifically exempted from this requirement. RSA 268:15-a (Supp. 1972). It follows that the insurer can provide that uninsured motorist coverage will be excluded if the insured settles with the uninsured motorist without the company's consent thus preventing the insurer from exercising its right of subrogation to be reimbursed by the uninsured motorist. *Dancy v. State Farm Mut. Auto. Ins. Co.*, 324 F. Supp. 964 (S.D. Ala. 1971); A. Widiss, A Guide to Uninsured Motorist Coverage § 5.7, at 168 (1969); *id.* (Supp. 1973, at 122); *see Aetna Ins. Co. v. Pete Wilson Roofing & Heating Co.*, 289 Ala. 719, 272 So. 2d 232 (1972); *Sylvest v. Employers Liab. Assurance Corp.*, 252 So. 2d 693 (La. App. 1971); *Kirouac v. Healey*, 104 N.H. 157, 160, 181 A.2d 634, 636 (1962). The exclusion of coverage occurs when the insured settles with the uninsured motorist without the insurer's consent. The policy does not make it dependent on whether the right of subrogation will eventually produce a reimbursement. *See Merchants Mut. Ins. Co. v. Transformer Serv. Inc.*, 112 N.H. 360, 363, 298 A.2d 112, 115 (1972). We hold that the facts in this case are not such as to relieve the plaintiff from the exclusionary provisions of the policy which prevent him from making a claim for damages against the defendant. *Griffin v. Aetna Cas. & Sur. Co.*, 189 So. 2d 324 (La. App. 1966); *Kirouac v. Healey supra.*

The answer to questions No. 1 and 2 is "Yes", plaintiff Charest has violated conditions in his policy and has thus forfeited his right to its uninsured motorist coverage. In view of the above, question No. 3 relating to medical payments if recovery is allowed need not be answered.

*Petition dismissed.*

All concurred.