383 So.2d 74 (1980)
Eddie Ray HALL, Plaintiff-Appellant,
v.
The NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
No. 7452.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1980.
Broussard, Bolton & Halcomb, Frank R. Bolton, Jr., Alexandria, for plaintiff-appellant.
*75 Stafford, Stewart & Potter, Larry A. Stewart, Alexandria, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and FORET, JJ.
DOMENGEAUX, Judge.
This is a suit on a hospitalization insurance contract. Plaintiff instituted this action against defendant, National Life and Accident Insurance Company, to recover expenses incurred when plaintiff was hospitalized. Following a trial, judgment was rendered rejecting plaintiff's demands. The plaintiff perfected this appeal from the trial court's ruling.
The facts show that on December 6, 1976, a policy of hospitalization insurance was issued by defendant to plaintiff. The insurance policy insured plaintiff against losses due to hospital confinement.
On July 17, 1977, plaintiff was hospitalized for thirteen days in St. Frances Cabrini Hospital for treatment of an acute low back sprain and an upper gastrointestinal disturbance. Following his release, he submitted a claim to defendant for coverage of the hospital expenses. Defendant rejected plaintiff's claim, contending that the policy excluded coverage. Thereafter, plaintiff instituted this suit.
The insurance policy provides coverage for hospital confinement. The policy defines hospital confinement in the following manner.
"As used herein, Hospital Confinement is defined as continuous confinement of the Insured for twenty-four hours or more, commencing while this policy is in force, in a hospital, other than a hospital operated by the Veterans Administration or other agency of the Federal Government, upon the advice and recommendation of a licensed practicing physician, as the result of:
(a) an accidental injury sustained while this policy is in force,
(b) sickness or disease contracted after this policy has been in force for 28 days from its Date of Issue, or
(c) pregnancy, childbirth or miscarriage for which such confinement commences after this policy has been in force nine months or more from the later of the Date of Issue or the date of last reinstatement." (Emphasis added)
The trial judge found that plaintiff's hospitalization was for treatment for sicknesses which existed prior to the issuance of the insurance contract, and therefore, not covered by the contract. Factual findings, made by the trial judge, when supported by reasonable inferences of credibility, are not to be disturbed unless the record reveals the finding to be clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In this case, the record amply supports the trial judge's findings that plaintiff's back problems and stomach disorder were not contracted 28 days after the issuance of the policy. Plaintiff admitted at the trial that shortly before applying for the hospitalization policy, he had been hospitalized in order to receive treatment for an ulcer and a lower back disorder. Doctor Gutierrez, plaintiff's treating physician, stated in a report filed into evidence that plaintiff's hospitalization in July, 1977 was the result of a recurrence of a peptic ulcer which had been diagnosed initially in 1971, and a recurrence of a back disorder which plaintiff had suffered since 1970.
Since the sicknesses for which plaintiff was hospitalized in July 1977 existed prior to the issuance of the policy, the policy did not provide coverage for the expenses incurred by plaintiff in the July, 1977 hospitalization.
However, plaintiff contends that because defendant's agent had been informed, at the time the application for hospitalization insurance was taken, that plaintiff had recently been hospitalized for an ulcer and a back disorder, the policy should provide coverage for the hospitalization even though the sicknesses were not contracted after the policy had been in effect 28 days.[1] *76 In support of this contention, plaintiff cites Tiner v. Aetna Life Insurance Co., 291 So.2d 774 (La.1974).
However, plaintiff's reliance on Tiner is misplaced. In Tiner, plaintiff brought suit against his hospital expense insurer to recover medical expenses sustained in the treatment for a liver infection. The defendant insurer resisted liability on the grounds that the policy was void because of a material misrepresentation made by the insured in filling out the application for the insurance; the alleged misrepresentation had do to with whether the insured "ever had any mental, nervous, physical, or functional disorder or impairment." The facts showed that the insured made no false statements but that the insurer's agent had mistakenly filled out the application form. The court, imputing the knowledge of the agent to the defendant insurer, held that the defendant was estopped from denying coverage on the basis of material misrepresentation. Additionally, we find nothing in Tiner which indicates that the policy therein contained any clause excluding coverage for sickness or disease predating the issuance of the policy; nor does Tiner indicate when the insured therein contracted the liver infection for which she was hospitalized.
In the present case, the insurer on appeal does not attempt to avoid liability on the ground that the policy is void because of a material misrepresentation, but resists liability on the ground that the policy does not provide coverage for plaintiff's hospitalization because the hospitalization was for treatment of sicknesses which existed prior to the issuance of the policy.
Even accepting as true plaintiff's testimony that he informed defendant's agent that he suffered from an ulcer and a back disorder, the agent's knowledge that plaintiff suffered from these conditions cannot have the effect of expanding the insurance policy to provide coverage for hospitalization as the result of sicknesses which pre-existed the issuance of the contract. As stated in Smith v. Republic National Life Insurance Company, 335 So.2d 739 (La.App. 2nd Cir. 1976):
"The general rule in most jurisdictions is that equitable estoppel cannot be used to enlarge or extend coverage beyond that set forth in the policy. See 43 Am.Jur.2d, Insurance, § 1184; 1 A.L.R.3d 1139; Comment, Waiver and Estoppel in Louisiana Insurance Law, 22 La.Law Rev. 202; and Couch on Insurance 2d, § 71:39. Our courts follow this general rule. See Ledoux v. Old Republic Life Insurance Company, 233 So.2d 731 (La.App. 3d Cir. 1970), writ refused, . . ."
Within the context of this case, we find applicable to the facts herein, the legal principle that a valid insurance policy is a contract between the insured and the insurer and under La.C.C. Art. 1901, as is true of all other contracts, it is the law between them. Sholes v. Continental Casualty Co., 196 So.2d 680 (La.App. 4th Cir. 1967). Further, where the language of the policy is clear and free of ambiguity as it is herein it constitutes the contract between the parties and must be enforced as written. Morgan v. State Farm Mutual Automobile Insurance Co., 195 So.2d 648 (La. App. 3rd Cir. 1967); see also La.C.C. Arts. 1945-1946.
In addition, it is settled that in the absence of conflict with laws or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations under the policy. Muse v. Metropolitan Life Insurance Co., 193 La. 605, 192 So. 72 (1939); Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App. 3rd Cir. 1972); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La.App. 4th Cir. 1972); Sylvest v. Employers Liability Assurance Corp., 252 So.2d 693 (La.App. 1st Cir. 1971); see also La.R.S. 22:620. This is exactly what the defendant *77 herein has done and the unambiguous provisions limiting its liability must be given effect.
In summary, since plaintiff's confinement was the result of sicknesses which existed prior to the issuance of the hospitalization policy, the policy did not provide coverage for the hospital expenses incurred.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant's costs.
AFFIRMED.
NOTES
[1] There is no suggestion that the agent assured plaintiff of coverage for the sicknesses involved in this case. In fact, plaintiff's attorney, in brief, admits that the agent did not assure the plaintiff of coverage.