LEAR, Judge.
Plaintiff, Oscar G. Richard, III, a state employee and a member of the State Employees Group Benefits Program, sued to recover medical expenses incurred by his wife, Billie G. Richard, who is a covered dependent under this benefit plan. Plaintiff also seeks statutory penalties and attorney’s fees. Defendant, Board of Trustees of the State Employees Group Benefits Program alleged that it had paid all eligible expenses on claims submitted by plaintiff, and that the obligation sued upon was therefore extinguished by payment. Judgment was rendered in the trial court in favor of plaintiff, awarding him the benefits sued for and statutory penalties and attorney’s fees. Defendant then appealed.
On or about July 4,1978, Dr. Jere Melilli, a licensed physician practicing in Baton Rouge, Louisiana, suggested that Mrs. Richard receive acupuncture treatments for pain following a cervical laminectomy. Dr. Melilli referred her to Dr. Li Chang Wang[1], who was then practicing acupuncture within Dr. Melilli’s office and allegedly, under his supervision.
Mrs. Richard received a number of acupuncture treatments beginning on July 4, 1978. Defendant first paid for these acupuncture treatments, as they were billed as subcutaneous nerve stimulation and the claim forms were signed by Dr. Melilli. At a later date, however, it was determined that these claims were for acupuncture treatments rendered by Dr. Li, at which time defendant denied coverage for these previously paid acupuncture claims and deducted the cost of these acupuncture treatments from subsequently submitted eligible claims.
As the trial court’s judgment was based on its finding that these acupuncture treatments were covered under the program, we must initially determine whether this conclusion of the trial court is correct.
The dispute in this case is governed by the contract of insurance existing between plaintiff and defendant. The principles of law in this area are set forth in the case of Fontenot v. New York Life Insurance Company, 357 So.2d 1185 (La.App.3d Cir. 1978), in which the court stated: *493 See also W. H. Franks v. Louisiana Health Services and Indemnity Company, 382 So.2d 1064 (La.App.2d Cir. 1980); Hall v. National Life and Accident Insurance Company, 383 So.2d 74 (La.App.3d Cir. 1980).
*492 “It is well settled law that a policy of insurance is a contract between the Insured and the Insurer and has the effect of law on the parties. LSA-C.C. Art. 1901; Smith v. North American Companies for Life, Accident and Health Insurance Company, 295 So.2d 483 (La.App.3d Cir. 1974), writ granted, 299 So.2d 360, reversed on other grounds, 306 So.2d 751. It is equally well settled law that insurers are at liberty to limit their obligations so long as such conditions and limitations do not conflict with statutory law or offend public policy. When such conditions and or limitations are clear and unambiguous they must be given effect as written. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72 (1939); Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App.3d Cir. 1972); Cormack v. Prudential Insurance Company of America, 259 So.2d 340 (La. App. 4th Cir. 1972) writ refused, 261 La. 824, 261 So.2d 230.”
*493 The law of this case, the insurance contract between the parties, is found in a brochure entitled “State of Louisiana Employees Uniform Group Benefits Program”, which was introduced as “joint exhibit 1”. The parties agree that plaintiff’s claim for payment for the acupuncture treatments is governed by the policy provisions entitled “Benefits” and “Eligible Expenses”, which are contained on pages D-2 through D-4 of the contract. These provisions, in pertinent part, read as follows:
“BENEFITS
“When accidental bodily injury or sickness, as a result of other than alcoholism or a mental or nervous disorder, requires the covered person to incur expense for any of the Eligible Expenses defined herein, and such service or treatment is performed or prescribed by a Physician while this coverage is in force as to such person, the program will pay .... [emphasis added]
“ELIGIBLE EXPENSES
“The following shall be considered eligible expenses under major medical benefits;
9. Services of a Physician
10. Services of a Physiotherapist duly licensed under the laws of the state where the service is rendered” [emphasis added]
For an expense incurred for service or treatment to be covered by the program it must not only be performed or prescribed by a Physician, but such service or treatment must be contained in the list of Eligible Expenses. In determining this issue, the trial court found that, because these acupuncture treatments were “prescribed by a Physician” they were covered by the program and plaintiff was entitled to be reimbursed for them. The trial court erred, however, in failing to initially determine if these acupuncture treatments were in fact listed as an Eligible Expense.
These acupuncture treatments were not “services of a Physician”. The evidence clearly shows that Dr. Melilli, plaintiff’s physician, did not himself actually perform these acupuncture treatments. They were performed by Dr. Li, in a building adjacent to Dr. Melilli’s office. Dr. Melilli was not present when these treatments were performed, nor did he in any way direct Dr. Li in performing these treatments.
The term “Physician” is defined by the policy, in pertinent part, as follows:
“DEFINITIONS
“(B) Physician as used herein, means the following: A duly licensed Medical Doctor (M.D.), Doctor of Dental Surgery (D.D.S.), (D.M.D.), Doctor of Osteopathy (D.O.), licensed Podiatrist, licensed Psychologist meeting the requirements of the National Register of Health Service Providers in Psychology or licensed Chiropractor, legally entitled to practice their specialties in the state in which the service is performed. Such persons must be engaged in private practice, and render a charge to the Covered Person for his professional services.”
As noted above, Dr. Li is not licensed as a Medical Doctor under the laws of Louisiana. Nor could he in any sense be included in the term “physician” as defined by the policy.
Plaintiff next argues that acupuncture is in fact a form of physical therapy and, under certain circumstances, a person is allowed by law to practice physical therapy in Louisiana without being licensed. The question before us is not whether a person can practice physical therapy without a license, but whether such services are an eligible expense under the contract of insurance.
Plaintiff then concludes that these treatments should be considered as physical therapy and they should be paid for by the Program under subparagraph 10 of Eligible Expenses (quoted above). It is not necessary for us to decide the question of whether acupuncture is or can be equated with physical therapy, and we decline to do so here. Even assuming that these treatments *494 could be classified as physical therapy ar.d/or Dr. Li classified as a physiotherapist, these treatments still could not be included in the list of eligible expenses covered by the Program.
Subparagraph 10 clearly provides for payment for only the service of a physiotherapist who is duly licensed under the laws of the state where the service is rendered. These services were performed in Louisiana, and thus, to qualify as eligible expenses, it would be necessary for Dr. Li to be a licensed physiotherapist under the laws of Louisiana. Our review of this record shows that Dr. Li is not licensed as a physiotherapist under the laws of Louisiana.
We find that Dr. Li is not a physician nor a duly licensed physiotherapist as defined by the laws of Louisiana or by the provisions of the policy. Thus, the services rendered by him (acupuncture treatments) are not “eligible expenses” under the policy and . plaintiff is not entitled to be reimbursed by the program for the expense of these treatments.
Both plaintiff and defendant admit and agree that the amount first paid by defendant and then retroactively deducted from eligible expenses for these acupuncture treatments is $1,384.00. As we have found that these acupuncture treatments were not covered under the program, and defendant therefore properly deducted them from subsequent eligible claims, this amount must be deducted from the amount of the benefits awarded by the trial court. Deducting the amount paid by defendant for the acupuncture treatments ($1,384.00) from the amount awarded as benefits by the trial court ($1,625.70) leaves the amount of $241.70.
After reviewing this record, including the testimony of Linda J. Loop, an employee of C.N.A. Insurance, defendant’s adjusting agent, it is clear that some errors were made by defendant in calculating the amounts owed to plaintiff, other than for acupuncture. Considering this record as a whole, we find that the trial court’s determination of the amount of defendants underpayment is not manifestly erroneous or clearly wrong. This finding of the trial court should therefore be affirmed. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
With regard to its award of statutory penalties and attorney’s fees, the trial court stated that “an erroneous interpretation of a policy by the insurer does not free it from paying penalties and attorney’s fees.” Because of our finding that defendant’s interpretation of its policy was not erroneous, it can not be held liable for penalties and attorney’s fees on that basis. Further, while defendant did in fact fail to pay the plaintiff some small amount, considering the number of claims submitted by plaintiff over a long period of time and the number of adjustments made necessary by defendant’s erroneous payment for the acupuncture treatments, we do not find that defendant’s failure in this case was unreasonable. We find therefore that plaintiff is not entitled to an award for penalties or attorney’s fees. That portion of the trial courts judgment should be reversed.
For the foregoing reasons, the judgment of the trial court awarding plaintiff benefits is amended and judgment is hereby rendered in favor of plaintiff, Oscar G. Richard, III, and against defendant, Board of Trustees of the State Employees Group Benefits Program, in the amount of Two Hundred Forty One and 70/100 ($241.70) Dollars, plus interest from the date of judicial demand until paid. The judgment of the trial court awarding plaintiff statutory penalties and attorneys fees is hereby reversed. The costs of trial are to be paid by defendant-appellant and the costs of appeal are to be paid by plaintiff-appellee.
AMENDED IN PART, REVERSED IN PART, AND AS AMENDED RENDERED.

. Dr. Li, who is a Doctor of Chinese Medicine and is referred to as “Doctor”, is not, in fact, licensed as a Medical Doctor under the laws of Louisiana.