STOKER, Judge.
The issue presented in this case is whether the plaintiffs may collect on an insurance policy, which does not include Mrs. Thomas or her injured son as insureds, based on representations made by an agent who allegedly sold Mrs. Thomas the policy. As the plaintiffs’ only claim is under the policy, we will not discuss any claim they may have against other parties on other grounds.
FACTS
Seventeen-year-old David Thomas was struck by a car driven by Beryl Lanier as he walked along the shoulder of a Calca-sieu Parish road on April 10, 1981. David’s mother, Zenovia Thomas, filed suit as administrator of his estate against Mr. and Mrs. Lanier, their insurer, and American Specialty Insurance Company. The Lani-ers and their insurer have settled with Mrs. Thomas and are no longer involved in this suit. A motion for summary judgment was granted in favor of American Specialty upon a showing that the company held no policy in the Thomas’s name. Mrs. Thomas appeals that judgment. We affirm.
Mrs. Thomas claims that she is entitled to recover under the uninsured motorist provisions of American Specialty Automobile policy No. CA001393. She says she purchased the policy through Huval Insurance Company to cover her 1972 Cadillac and paid the premium in cash. Also according to Mrs. Thomas, her driver’s license had been stolen, so the Huval representative told her he could use the name and license number of Joseph E. Smith, with whom Mrs. Thomas has resided for a number of years. American Specialty issued Policy No. CA001393 in the name of Joseph E. Smith, covering the Cadillac.
THE INSURANCE POLICY
An insurance policy is a contract between the insurer and the insured, and the rules of interpretation of agreements apply. Fontenot v. New York Life Ins. Co., 357 So.2d 1185 (La.App. 3d Cir.1978), writ denied, 359 So.2d 622 (La.1978); Martin v. Phillips, 356 So.2d 1016 (La.App. 1st Cir.1977). While the goal in the interpretation of a contract is to determine the parties’ intent, courts may look no further than the words of the contract when they are clear and explicit. LSA-C.C. arts. 2045 and 2046.
The policy defines the term “insured” as “the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either.” Joseph E. Smith is the designated insured. He and Mrs. Thomas were never married, and there is no relationship between Mr. Smith and David Thomas. Under the terms of this agreement, David Thomas is clearly not an insured.
EQUITABLE ESTOPPEL
Mrs. Thomas’s suit on behalf of the minor, as we have noted, is a suit on an automobile insurance policy. The pleadings clearly indicate that the policy was issued, not to plaintiff Zenovia Thomas and her son, but rather to a person unrelated to them, namely, Joseph E. Smith. The pleadings contain no allegation that the policy issued to Smith purported to insure a motor vehicle belonging to Zenovia Thomas. Apparently plaintiffs base their sole claim against American Specialty Insurance Company, i.e., coverage for David W. Thomas, on the allegation in paragraph 10 of the petition to the effect that Smith was “an occupant of the household of Mrs. Zenovia Thomas, mother of DAVID W. THOMAS.”
The alleged representations made by the representative of Huval Insurance Company appear only in Mrs. Thomas’s deposition. At the conclusion of plaintiffs’ brief the following argument appears:
“From a reading of both of the affidavits submitted and the deposition it appears that there is a genuine issue of material fact involved. Namely, that the insurance company should be stopped from denying any policy limitation or coverage because of the fact the petitioner owned the vehicle, paid the premium for the policy, and was told by an agency[sic] of *1070 the company that coverage would be provided for the price paid.” (Emphasis supplied)
If plaintiffs have a claim growing out of Mrs. Thomas’s attempt to obtain insurance, it was not made in the pleadings in this case. We entertain considerable doubt that the issue of estoppel, if that is what plaintiffs argue, is actually raised in this case against American Specialty. Nevertheless, at the risk of expressing dicta, we will treat the issue of equitable estoppel because we do not consider that it applies as the case stands.
In some circumstances, equitable estoppel may be imposed to allow recovery on an insurance policy because of the actions of an agent which bind the insurance company. See Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974); Raymond v. Zeringue, 422 So.2d 534 (La.App. 5th Cir.1982); Adam Miguez Funeral Home, Inc. v. First National Insurance Company, 234 So.2d 496 (La.App. 3d Cir.1970); 22 La.L.Rev. 202. However, even if an agency relationship were established between the Huval representative and American Specialty, this form of estoppel could not be used to enlarge or extend coverage beyond policy limits. LeDoux v. Old Republic Insurance Company, 233 So.2d 731 (La.App. 3d Cir.1970), writ refused, 256 La. 372, 236 So.2d 501 (1970); Smith v. Republic National Life Insurance Company, 335 So.2d 739 (La.App. 2d Cir.1976), writ refused, 338 So.2d 706 (La.1976); Hall v. National Life & Accident Insurance Company, 383 So.2d 74 (La.App. 3d Cir.1980); Rozas v. La. Hospital Service, Inc., 413 So.2d 364 (La.App. 3d Cir.1982). The American Specialty policy lists those who are insured. David Thomas is not covered. To extend coverage to him would be to expand the class of insured parties beyond those specified in the policy. Estoppel is not available in this situation.
CONCLUSION
Neither Mrs. Thomas nor her son were insured by the American Specialty policy; nor can they estop the company from denying coverage. No issue of fact exists which, if resolved in favor of Mrs. Thomas, would allow recovery against American Specialty on the policy. Therefore, the trial court correctly granted the summary judgment in favor of American Specialty.
For the reasons given above we affirm the judgment of the trial court. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.