BARRY, Judge.
Buffalo Reinsurance Company appeals a judgment which denies its motion for summary judgment and grants Kupperman & Company’s motion for summary judgment. The issue is the extent of coverage in Kup-perman’s “all risk” insurance policy.
According to joint stipulations, Kupper-man acquired an “all-risk” insurance policy with Buffalo Reinsurance in 1976 which was in effect on June 13, 1977. Kupper-man had purchased merchandise from Bas-sett Furniture Industries, Inc. (valued at $496.45) and Keller Manufacturing Company (valued at $8,694.65) and paid the freight costs. Kupperman employed Smith-Willow Distributing, Inc. to unload the merchandise from railroad cars, store it at its warehouse, and re-load the merchandise on Kupperman trucks for it to be taken to Kupperman’s warehouse. The Bassett furniture arrived at Smith-Willow’s warehouse on May .17, 1977 and the Keller furniture arrived on May 31, 1977. On June 13, 1977 a fire totally destroyed the Smith-Willow warehouse and all of its contents. Kupperman’s loss amounted to $10,110.23.
On September 26, 1977 Kupperman notified E. Theodore LaBorde, the Vice President of Buffalo Reinsurance, who denied liability that same day. According to a stipulation the policy premium was computed pursuant to a schedule containing dollar values of Kupperman’s assets. The address of Smith-Willow’s warehouse was not on the schedule, but the list of scheduled assets included the dollar value of the Keller and Bassett merchandise which was destroyed in the fire.
Kupperman sued Smith-Willow and its insurer, Aetna Casualty and Surety Co., for negligence and Buffalo Reinsurance under its blanket policy. Kupperman asked for a 25% penalty under La.R.S. 22:658 plus at- *2 tomey’s fees and costs. Buffalo Reinsurance third-partied Smith-Willow and Aetna. Kupperman and Buffalo Reinsurance filed for summary judgment. A commissioner granted Kupperman’s motion, denied Buffalo Reinsurance’s motion, and judgment was entered by the district court.
The policy provides in pertinent part:
INTEREST AND PROPERTY COVERED: Except as hereinafter excluded, this policy covers:
(A) The interest of the Assured in all real and personal property now owned by the Assured or as may be acquired, all while on premises owned, leased or occupied by the Assured, and including interest in improvements and .betterments in buildings not owned by the Assured, including property in transit;
The Commissioner’s reasons for judgment provide in pertinent part:
Under the language of the policy and the accepted standards for construction of insurance policies, the policy in question did provide coverage for the loss incurred. It was an all-risk policy designed to insure ‘all real and personal property now owned by the Assured or as may be acquired.’ The ‘in transit’ provision existed merely to explain the coverage since the policy was intended by the parties not to restrict liability but to provide the broadest coverage possible. The phrase ‘all while on premises owned, leased or occupied by the Assured’ if intended to limit coverage would have been included in the exclusions section of the policy. The policy provided coverage for all property owned by Kup-perman regardless of whether that property was located on premises owned, leased or occupied by Kupperman. Because the terms ‘including’, ‘occupying’ or ‘in transit’, and the clause as a whole is susceptible of more than one interpretation, the clause must be interpreted in favor of coverage.
Buffalo accepted premiums for the insurance coverage which were calculated on a schedule that included the value of the property destroyed in the fire at the Smith-Willow Warehouse. It is therefore estopped to argue that the items for which the premiums were paid were not insured after it accepted the premiums for that coverage.
A summary judgment is available only when the pleadings, depositions, admissions, and affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982).
An insurance policy is the contract between the insured and the insurer and as such has the effect of law between the parties. La.C.C.Art. 1901; Miller v. Duthu, 470 So.2d 500 (La.App. 1st Cir.1985), writ denied 474 So.2d 1310 (La.1985). The policy must be interpreted in accordance with general principles of contract construction. Thomas v. Lanier, 476 So.2d 1068 (La.App. 3rd Cir.1985).
Courts are bound to give legal effect to the provisions of an insurance policy according to the true intent of the parties, which is determined by its wording when the provisions are clear and unambiguous and do not lead to absurd consequences. Gulf Building Services, Inc. v. Travelers Indemnity Company, 435 So.2d 477 (La.App. 4th Cir.1983), writ denied 441 So.2d 749 (La.1983). Any ambiguity must be construed liberally in favor of the insured and against the insurer. If the ambiguity relates to limitation of liability under the policy, the provision will be liberally interpreted in favor of coverage. Pomares v. Kansas City Southern Railway Company, 474 So.2d 976 (La.App. 5th Cir.1985), writ denied 477 So.2d 1131 (La.1985).
The policy provides coverage for Kupper-man’s interest “in all real and personal property now owned by the Assured [Kup-perman] or as may be acquired....” except as excluded in the policy. We are not persuaded by Buffalo Reinsurance’s argument that the “all risk” blanket policy should be restricted by the remainder of that provision: “all while on premises owned, leased or occupied by the Assured, and including interest in improvements and betterments in buildings not owned by the Assured, including property in transit”. We do not agree that language has only one logical meaning — that the policy was *3 intended to cover Kupperman’s property while it was in an area controlled by Kup-perman or in transit. The terms “in transit” and “occupied” are ambiguous.
We agree with the Commissioner’s reasons that the terms and the clause (as a whole) are susceptible to more than one interpretation and must therefore be interpreted in favor of coverage.
The schedule on which Kupperman’s premiums were calculated included the value of the Bassett and Keller merchandise. By deposition Edward Theodore LaBorde, Vice President of Marsh & McLennan in 1976-1977 (an insurance brokerage firm) stated that the insurer intended to cover all property owned by Kupperman even while in the hands of a manufacturer prior to shipment on transit.
LaBorde stated the fact that various locations which stored Kupperman merchandise had different fire ratings, etc., precipitated the need for blanket coverage. Property in transit and not listed on the schedule had a $25,000 limit of liability. LaBorde said the policy aimed to provide coverage on as broad a basis as possible “even anticipating certain situations which maybe ourselves or the assured did not anticipate.”
We are satisfied this broad “all-risk” policy provided coverage under these circumstances. The judgment is affirmed.
AFFIRMED.