148 So: 164

**LIFE & CASUALTY INS. CO. v. WHITE-HURST.**

I Div. 771.

Supreme Court of Alabama.

March 30, 1933.

Rehearing Denied May 25, 1933.

John N. Allen, of Mobile, for petitioner.

Moreau P. Estes and P. M. Estes, both of Nashville, Tenn., opposed.

KNIGHT, Justice.

This cause comes to this court on petition for certiorari to the Court of Appeals, to review and revise the judgment of that court in the case of Life & Casualty Ins. Co. of Tenn. v. Minnie Whitehurst, etc., 148 So. 162

In the circuit court of Mobile county the petitioner recovered a judgment against the said Life & Casualty Insurance Company of Tennessee on an accident insurance policy, which provided, among other things, that the defendant would pay to the plaintiff, who was the named beneficiary, the sum of $1,000 for loss of life of the insured, Thelma White-hurst, as the result of bodily injuries received by her during the time the policy was in force, and effected solely by external, violent, and accidental means by accident to or collision of any private motor driven automobile in which the insured might be riding, and provided further that in such accident there should be some external or visible evidence on said automobile of the collision or accident, and that, of the injury sustained, there should be a visible contusion or wound on the exterior of the body of the insured.

The cause was tried by the circuit court without a jury on an agreed statement of facts, and which statement of facts is set out in extenso in the opinion of the Court of Appeals. So, the question here presented (as it was in the Court of Appeals) is one of law.

The liability of the insurance company, under the plain terms of its policy contract, is limited to death or injury proximately caused by an accident to the automobile in which insured was at the time riding, and of which accident to the automobile there should be some external or visible evidence on the automobile.

It is true that insurance policies should be liberally construed to effect the intentions of the parties, and in cases of doubt a contract will be construed most strongly against the party who framed it, yet the function of courts is to construe them, not to make them.

In 14 R. C. L. pp. 928, 929, the rule is stated, with citation of numerous authorities to support it, that: "In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose what-

ever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them."

And our own court, in the recent case of Life & Casualty Ins. Co. of Tenn. v. Tollison, 223 Ala. 78, 134 So. 805, 807, gave its approval to the above stated language: "We approve, as of course, the rule that insurance contracts may be and often are made with very limited coverage, the small premium fixed on careful calculation of the hazard assumed; and they should be enforced, not a new or enlarged contract made for the parties.

"But this rule runs alongside the further well-known rule that, being framed by the insurer, they are construed favorably to the insured."

■ The evidence upon which the case was submitted shows that the insured at the time of the fatal accident was riding in an automobile on a public highway, in Mobile county, and that she was shot by a deputy sheriff; that there was no intention on the part of the officer to shoot the insured; that the bullet which struck her was fired "at, through and into said automobile for the purpose of disabling the automobile and causing it to stop." A number of shots "were fired at the rear tires and the gasoline tank." And one of the bullets "pierced the glass window forming a part of the back of the automobile and struck insured in the back of the head.'" It was this bullet that caused her death. In piercing the rear of the automobile, the bullet which struck the insured "caused and left external and visible evidence of the accident on the automobile."

From the foregoing statement of the evidence only one logical conclusion can be reached, and that is that the bullet was the sole proximate cause of the death of the insured, and not the accident to the automobile. It is perfectly apparent that the bullet fired from the pistol operated to produce the death of the insured without the intervention of any independent or unforeseen cause or event, without which the injury could not have occurred. This being true, the firing of the bullet, and the bullet, were the proximate cause of the death of the insured. Western Assur. Co. v. Hann, 201 Ala. 376, 78 So. 232; Russell v. German F. I. Co., 100 Minn. 528, 111 N. W. 400, 10 L. R. A. (N. S.) 326; 1 Corpus Juris 470.

It is quite true that the insured met her death as a result of an accident, but that accident was not within the coverage of the policy contract and therefore the plaintiff, under the agreed stipulation of facts, has shown no right to recover in this action. The evidence shows no causal connection between the piercing of the glass window to the automobile by the bullet and the death of the insured.

It is earnestly contended by the petitioner that the case of Mochel v. Iowa State Traveling Men's Ass'n, 203 Iowa, 623, 213 N. W. 259, 51 A. L. R. 1327, directly supports her contention, that the accident to the automobile was the proximate cause of the death of the insured. A reading of that case will disclose the fact that there is no similarity in point of fact between the case at bar and the Mochel Case, supra. In the latter case the insured's death was directly and proximately caused by the smashing in of a portion of the car upon which the insured was riding as a passenger, and that a portion of the car so smashed in came into contact with Mochel, and killed him. A wholly different case is presented by the record now before us.

It follows from what we have said above that the writ of certiorari prayed for will be, and is, denied.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.