115 So.2d 487

## GENERAL MOTORS ACCEPTANCE CORPORATION et al.

v.

### Claude KENDRICK, Administrator.

4 Div. 991.

Supreme Court of Alabama.

Nov. 5, 1959.

Edw. F. Reid, Andalusia, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrers filed separately and severally by the respondents General Motors Acceptance Corporation, a corporation, and Motors Insurance Corporation, a corporation, to a bill of complaint instituted by Claude Kendrick, who sues as administrator of the estate of Henry C. Grissett, deceased.

———◇———

Thos. B. Hill, Jr., Wm. A. Oldacre and Hill, Hill, Stovall & Carter, Montgomery, for appellants.

The allegations of the bill show in substance the following.

(1). Claude Kendrick, who sues as the administrator of the estate of Henry C. Grissett, deceased, has been duly appointed administrator of the estate of Henry C. Grissett, deceased, in the Probate Court of Covington County, Alabama, is over the age of twenty-one years and is a resident of Andalusia, Covington County, Alabama. General Motors Acceptance Corporation is a New York corporation duly qualified to do business in the State of Alabama, does business by agent in Covington County, Alabama, and is hereinafter prayed to be made a party respondent in this cause. Motors Insurance Corporation is a New York corporation duly qualified to do business in the State of Alabama, does business by agent in Covington County, Alabama, and is hereinafter prayed to be made a party respondent in this cause.

(2). On towit July 30, 1955, complainant's intestate purchased a 1955 Chevrolet automobile from Capitol Chevrolet Inc., a corporation of Montgomery, Alabama, giving an automobile sales contract or security instrument to secure the unpaid balance on the purchase price of the automobile, the balance being the sum of $2,495.58. The conditional sales contract or security instrument was duly transferred and assigned to the respondent, General Motors Acceptance Corporation.

(3). In the above mentioned conditional sales contract or security instrument complainant's intestate agreed to purchase insurance insuring the aforesaid automobile against collision and upset and other perils and further agreed that the seller or assignee of the seller could take life insurance on the life of the aforesaid intestate with the Prudential Insurance Company of America, such life insurance to be in an amount sufficient to pay the unpaid balance due on the aforesaid conditional sales contract or security instrument.

(4). On towit the 27th day of October, 1955, a policy of insurance was issued by the respondent, Motors Insurance Corporation, insuring the aforesaid Chevrolet automobile against loss or damage by collision or upset, this policy of insurance being a single interest policy insuring the interest only of the respondent, General Motors Acceptance Corporation. Henry C. Grissett paid the premium for this insurance policy.

(5). Subsequent to the date of the execution of the above mentioned conditional sales contract or security instrument and prior to the date of the death of Henry C. Grissett, Henry C. Grissett paid the premium for and the Prudential Insurance Company of America issued a policy of life insurance, insuring the life of Henry C. Grissett in an amount equal to the unpaid balance due on the above mentioned conditional sales contract or security instrument. Complainant's intestate, Henry C. Grissett, was killed on towit the 10th day of December, 1955, and subsequent to the date of his death the Prudential Insurance Company of America paid to General Motors Acceptance Corporation the entire balance due on the above mentioned conditional sales contract or security instrument, the balance being in the amount of towit $2,158.44.

(6). At the time of the death of Henry C. Grissett, the automobile covered by the policy of insurance issued by the respondent, Motors Insurance Corporation, was totally destroyed in a collision or upset and the respondent, Motors Insurance Corporation, has paid or should have paid to the respondent, General Motors Acceptance Corporation, the sum of $2,158.44, the amount due under the policy of insurance issued by the respondent, Motors Insurance Corporation, and upon which the complainant's intestate paid the premium.

It is alleged that if the respondent, Motors Insurance Corporation, has paid the aforesaid amount to the respondent, General Motors Acceptance Corporation, such amount is held by General Motors Acceptance Corporation in trust for the estate of

the aforesaid Henry C. Grissett, deceased, and should be paid to the complainant.

It is further alleged that if said amount was not paid to the respondent, General Motors Acceptance Corporation, the complainant holds said policy of insurance and the right of action thereon in trust for the estate of Henry C. Grissett, deceased, and should be compelled to enforce this trust by bringing an action on the aforesaid policy of insurance or by transferring the aforesaid policy of insurance to your complainant in order that he may bring action thereon.

Complainant prays that General Motors Acceptance Corporation, a corporation, and Motors Insurance Corporation, a corporation, be made parties to this cause and that process issue from this court directed to them requiring them to plead, answer or demur to the bill of complaint within the time and manner required by law and the rules of this court and failing to do so, the bill of complaint shall be taken as confessed against them. The bill further prays that on a final hearing General Motors Acceptance Corporation be compelled to pay to complainant as administrator of the estate of Henry C. Grissett, deceased, the amount of $2,158.44, which it has received under the policy of insurance written by the respondent Motors Insurance Corporation or if it has received nothing under this policy, that it be compelled either to enforce the policy or transfer the policy to the complainant in order that the complainant be allowed to enforce the policy of insurance and further prays in order to avoid a multiplicity of suits that the policy of insurance issued by the Motors Insurance Corporation be enforced in this action and that the respondent Motors Insurance Corporation be compelled to pay to the complainant as administrator of the estate of Henry C. Grissett, deceased, the amount due under said policy of insurance which is in equity and good conscience due to be paid to the estate of Henry C. Grissett, deceased.

The complainant also prays for such other further, general and special relief as may be proper upon a consideration of the premises.

I. It will be seen from the allegations of the bill that Henry C. Grissett was killed December 10, 1955, and that the Prudential Insurance Company of America has paid the entire balance due on the conditional sales contract or security instrument in the amount of $2,158.44. It also appears from the allegations of the bill that The Chevrolet car bought by Henry C. Grissett and covered by the policy of insurance issued by the respondent Motors Insurance Corporation, was totally destroyed at the time of the death of Henry C. Grissett, deceased, in a collision or upset. We think it is obvious from the allegations of the bill that the life insurance issued on the life of Henry C. Grissett, deceased, was to the extent of the unpaid balance due under the conditional sales contract or security instrument which was $2,158.44 and the amount of the insurance issued by the Motors Insurance Corporation was also in the amount of $2,158.44. As to each of these policies, Henry C. Grissett during his lifetime paid the premiums. The insurable interest of each of these two companies was that of creditor although in one instance there was life insurance and in the other instance collision or upset insurance. Besides the indebtedness in both instances was the same debt.

We think it can be stated as a correct principle of law to be applied in this case that where a creditor is named as beneficiary in a policy of insurance on the debtor's life, the creditor can recover only to the extent of the actual debt owing when the debtor died, plus premiums that may have been paid by the creditor with interest and in a proper case other legitimate expenses incurred by the creditor, all of which must be proved. 46 C.J.S. Insurance § 1162, pp. 46–47; 29 Am.Jur. § 1289, pp. 962–963. Further where a creditor in a life insurance policy claims the amount due after the death of the insured, the creditor may retain for himself only the amount of the debt due at the time of the death of the

insured together with any such amount as he may have paid to preserve the policy, holding the proceeds in excess thereof as trustee of the estate of the insured. Dunn v. Second National Bank of Houston, 131 Tex. 198, 113 S.W.2d 165, 115 A.L.R. 730; Alabama Farm Bureau Mutual Ins. Service, Inc. v. Nixon, 268 Ala. 271, 105 So.2d 643.

On principle it should make no difference where one policy is life insurance and the other is collision or upset insurance.

It may be noticed that the allegations of the bill in the instant case show that the amount of the indebtedness owing by the deceased at the time of his death in the sum of $2,158.44 has been paid by the Prudential Insurance Company of America to the General Motors Acceptance Corporation.

■ Since the holder of the conditional sales contract or the security instrument is only entitled to be paid the amount due under that contract and such amount has been paid by the Prudential Insurance Company of America, any amount due under the contract by Motors Acceptance Corporation should be paid to the estate of Henry C. Grissett, deceased, because the holder of the conditional sales contract or security instrument is not entitled to be paid twice for the debt which was owing by Henry C. Grissett on the automobile at the time of his death. If it be claimed that the proceeds of the policy issued by Motors Insurance Corporation can only be paid to the General Motors Acceptance Corporation because it is a single interest policy, then the court, being an equity court, under the general prayer can so mould its decree as to apply the proceeds of the policy issued by the Motors Insurance Corporation so as to extinguish the debt owed by the intestate and turn over the balance of the insurance collected to the administrator of the estate of the deceased.

Accordingly, it seems to us that the bill of complaint contains equity in seeking to recover for the administrator the amount of insurance collected in excess of the indebtedness owed by the deceased.

■■ II. The appellants insist that the provisions of the upset or collision policy were not sufficiently set out in the bill of complaint. The general rule of equity pleading requires in a case of this kind that either the policy of insurance must be attached to the bill of complaint or the terms of the policy vital to the plaintiff's demand must be substantially set forth in the bill of complaint. McKenzie v. North River Ins. Co., 257 Ala. 265, 58 So.2d 581; Cyc. of Ins. by Couch, Vol. 8, pp. 6816–6817, § 2104. In our judgment the bill of complaint sufficiently sets forth in substance the provisions of the policy to meet the requirements of these rules of pleading.

■ III. It is also argued that the bill of complaint is defective in failing to aver that the alleged policy was in force and effect or that the proceeds thereof are due. We take it from the context that this argument relates to the policy issued by Motors Insurance Corporation. In Paragraph four of the bill of complaint, it is alleged that "The respondent Motors Insurance Corporation has paid or should have paid to the respondent General Motors Acceptance Corporation the amount of $2158.44, the amount due under the policy." We consider that this sufficiently shows that the policy was in effect at the time of the collision or upset. The fact that the allegations show that a certain amount was due under the policy certainly carries with it the idea that the policy was in full force and effect. In American National Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110, this court said:

"The averment that the sum claimed was due on the policy carried the burden to the plaintiff of showing that the death of Moss occurred within the period covered by the policy and the objection urged against this count of the complaint is not tenable."

It is true that in the case here referred to the suit was in a law court and the complainant complied with the form provided in the code. We see no reason why the

principle should not equally apply in a court of equity. We find no merit in this contention.

■ IV. It is further argued that no facts are alleged showing complainant's right, title or interest in the alleged proceeds. Of course, the complainant must allege facts which show with sufficient certainty such right, title or interest as to enable the court to see plainly that he has such a right as warrants the relief sought and which sufficiently shows the nature of the case which the respondents are called upon to defend. Swann v. Reconstruction Finance Corp., 241 Ala. 286, 287, 7 So.2d 770; Equity Pleading and Practice by Tilley, p. 67. As we have shown above, we consider that the allegations of the bill are sufficient in this respect.

■ V. Finally it is insisted that the prayer for process is vitally defective in failing to name each respondent. The pertinent part of Equity Rule 11, Code 1940, Tit. 7 Appendix, is as follows: "The prayer for relief must be accompanied by a prayer for process to issue against each defendant to be bound by the relief sought, * * *." We quote from the bill as follows:

"The Premises Considered Your Complainant prays for relief. He prays that General Motors Acceptance Corporation, a corporation, and Motors Insurance Corporation, a Corporation, be made parties respondent to this cause; that process issue from this court directed to them requiring them to plead, answer or demur to this bill of complaint within the time and manner required by law and the rules of this Honorable Court, and failing so to do all things contained shall be taken as confessed against them. * * *"

In view of the foregoing, we find no merit in this contention. Jackson v. Putnam, 180 Ala. 39, 60 So. 61.

We conclude that the court acted correctly in overruling the demurrer to the bill of complaint.

Affirmed.

LIVINGSTON, C. J., and MERRILL, J., concur.

LAWSON, J., concurs in the result.