150 So.2d 185

**GENERAL MOTORS ACCEPTANCE CORP. et al.**

v.

**Claude KENDRICK, as Administrator.**

**4 Div. 139.**

Supreme Court of Alabama.

Dec. 20, 1962.

Rehearing Denied Feb. 28, 1963.

Wm. Oldacre, Hill, Hill, Stovall & Carter, Montgomery, for appellants.

Robt. C. Reid and F. B. McGill and Tipler & Fuller, Andalusia, for appellee.

SIMPSON, Justice.

This is the second appeal of this case. The first, General Motors Acceptance Corp.

v. Kendrick, 270 Ala. 25, 115 So.2d 487, was from an interlocutory decree overruling demurrer to the bill of complaint. The facts of this case were sufficiently set forth in the former appeal, and only those necessary to our decision will be mentioned here.

■ The decedent, Henry Grissett, purchased a car on a conditional sales contract; the contract was assigned to General Motors Acceptance Corporation (G.M.A.C.). The decedent was killed and the automobile was totally destroyed as a result of an accident in which the automobile was overturned. A condition of the purchase of the automobile was that the decedent pay premiums on life insurance to cover the unpaid purchase price in event of his death. G.M.A.C. was the named beneficiary. At the time of the purchase, a so-called "dual-interest" collision and upset policy was issued by Motors Insurance Corp. (a subsidiary of General Motors) which policy was cancelled for reasons not appearing from the record, and a "single interest" policy substituted, which covered only the seller or his assignee's interest. Decedent was given credit for the overpayment on the premium and was warned that his interest in the automobile was not insured, and that he should procure the insurance he deemed advisable.

The final decree of the chancellor below ordered the proceeds of the policy issued by Motors Insurance Corp. paid to G.M.A.C., and that the proceeds of the life policy issued by Prudential Life Ins. Co., which had already been paid over to G.M.A.C., be paid by G.M.A.C. to complainant as administrator of decedent's estate. A credit of $200.00 was allowed for the salvage value of the car, and a further credit of $217.66 was allowed G.M.A.C. representing unearned financing charges.

Appellants contend that no amount was due under the Motors Insurance contract because the conditions precedent to liability had not occurred, i. e.:

(1) Purchaser or borrower has defaulted in payment, and

(2) The named insured (G.M.A.C.) has made all reasonable efforts to collect overdue payments and failing to do so has repossessed the automobile, and,

(3) That the interest of the insured has become impaired.

We find ourselves in agreement with appellants, because it was not shown that any of the conditions precedent had occurred. Moreover, it was stipulated that Grissett had not defaulted but was current in his payments. Thus, G.M.A.C. had no cause to make efforts to collect overdue payments, and no legal right to repossess the automobile. The interest of G.M.A.C. had not been impaired because upon the death of Grissett the balance owing on the conditional sale contract was fully paid by Prudential Ins. Co.

The law applicable to this case was not settled by the first appeal, because no defensive matter was before the court, it being an appeal from the overruling of demurrers. General Motors Acceptance Corp. v. Kendrick, supra. Further, it was stated in that opinion that "any amount due under the contract by Motors Acceptance [sic] Corporation should be paid to the estate of Henry C. Grissett, deceased". It is manifest from what we have said above that no amount was due under that policy of insurance.

■■ It is settled law that where the conditions precedent to liability on a policy of insurance have not occurred or been otherwise met that no liability exists with respect to the insurer. McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; McCutchen v. All States Life Ins. Co., 229 Ala. 616, 158 So. 729. We cannot defeat the express terms of a policy of insurance by judicial interpretation, McDowell v. United States Fidelity & Guaranty Co., 260 Ala. 412, 71 So.2d 64; and we must enforce the contract as it is written, Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., 233 Ala. 518,.

173 So. 7; and not attempt to make a new contract for the parties, Montgomery Enterprises v. Empire Theatre Co., 204 Ala. 566, 86 So. 880, 19 A.L.R. 987; Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 So. 852.

 Our holding does not infringe upon the rule that a creditor made beneficiary of a policy of insurance can recover only to the extent of the indebtedness, General Motors Acceptance Corp. v. Kendrick, supra, because G.M.A.C. has recovered only once the balance owing at the time of Grissett's death, having no right to any proceeds on the Motors Insurance Policy, the conditions precedent not having been met.

For the reasons hereinbefore announced the action of the trial court must be deemed erroneous.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.