272 So.2d 232

**AETNA INSURANCE COMPANY**

v.

**PETE WILSON ROOFING & HEAT-
ING CO., INC.**

**SC 62.**

Supreme Court of Alabama.

Nov. 30, 1972.

Rehearing Denied Feb. 8, 1973.

Whitmire, Morton & Coleman, Birmingham, for appellee Pete Wilson Roofing & Heating Co., Inc.

Huie, Fernambucq & Stewart, Birmingham, for appellee Glens Falls Insurance Co.

London, Yancey, Clark & Allen and Thomas R. Elliott, Jr., Birmingham, for appellant.

SOMERVILLE, Justice.

. This is an appeal from a final decree rendered in a declaratory judgment action in the Circuit Court of Jefferson County, in Equity. The decree declared the appellant, Aetna Insurance Company (Aetna), liable under a contractual liability policy of insurance issued to the appellee, Pete Wilson Roofing & Heating Company (Pete Wilson).

In June, 1967, Pete Wilson as subcontractor entered into a written contract with Dunn Construction Company (Dunn) to furnish materials and labor and complete the roofing and sheet metal work on an office building at Pine Hill, Alabama. The specifications incorporated into the contract provided that all roofing, including application, was unconditionally guaranteed by Pete Wilson for a period of two years from the date of completion and acceptance. The roof was completed and accepted on December 14, 1967.

On January 1, 1967, Pete Wilson had obtained a standard form contractual liability policy of insurance from the Glens Falls Insurance Company (Glens Falls) which provided that the insurer would pay on behalf of Pete Wilson all sums which the insured by reason of contractual liability should become legally obligated to pay as damages and to defend any suit brought against the insured seeking such damages, subject to the specific exclusions enumerated in the policy. The Glens Falls policy was continued in force until January 1, 1969, when it expired and a similar policy was obtained from Aetna. This Aetna policy expired January 1, 1970 and a renewal policy, identical to the first Aetna policy for our purposes, was issued to Pete Wilson by Aetna covering the period from January 1, 1970 to January 1, 1971.

In June, 1969, while the first Aetna policy was in force, the owners of the office building complained to Dunn and Pete Wilson that the roof was leaking. Inspections were made and it was determined that the roof was defective but it was not determined which party was responsible for the defect. Eventually Dunn repaired or replaced the roof and on July 31, 1970, filed suit against Pete Wilson claiming damages and alleging that under the terms of their written contract Pete Wilson had unconditionally guaranteed the roof for a period of two years and that within said period the roof proved defective. Dunn's complaint further alleged that when called upon to remedy the defective roof, Pete Wilson failed and refused to do so and that Dunn was unjustly put to the expense of fixing the roof.

Upon being served with Dunn's complaint, Benton Baker, the president of Pete Wilson, notified representatives of Glens Falls and Aetna. Both insurance companies ultimately denied liability and refused to defend the suit (Aetna having investigated the claim under a reservation of rights). The actions of Glens Falls and Aetna caused the appellee Pete Wilson to

file a bill for declaratory judgment seeking to determine which insurance company was liable under the facts presented. The trial court in its final decree, without any explanation and without stating its findings of fact, held that Glens Falls was not liable on its policy but that Aetna was liable and must defend the Dunn suit and pay any judgment returned against Pete Wilson as a result of said suit.

Appellant's Assignments of Error question both the findings and decree of the trial court. Each challenges the ruling of the court in finding coverage under the policy as alleged in the Bill of Complaint. The complaint filed by the appellee alleges that the claim stated in the lawsuit of Dunn is within the coverage of Aetna's policy or that, if not, Aetna waived any right it may have had to contest the lack of coverage by its action in taking over the defense of the case.

■ Appellant contends that the contractual coverage under Aetna's policies by definition does not include liability for an unconditional guarantee of the insured's product. Aetna's policy defines "contractual liability" as follows:

"V. ADDITIONAL DEFINITIONS

"When used in reference to this insurance (including endorsements forming a part of the policy):

'contractual liability' means liability expressly assumed under a written contract or agreement; provided, however-er, that contractual liability shall not be construed as including *liability under a warranty of the fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner; * * *"* (Emphasis supplied.)

■ We construe this definition as an effort to distinguish "contractual liability"

from "product liability" and to make it clear that coverage under the policy is only for the former. Appellee insists that the roof installed by Pete Wilson was not Pete Wilson's product. We cannot agree. Our cases have stated that the word "product" denotes the end result of one's labor. One product may be made from many other products and still be *the product* of its immediate producer. Elder v. State, 162 Ala. 41, 50 So. 370; Furst v. Shows, 215 Ala. 133, 110 So. 299. We conclude that the particular roof in question was Pete Wilson's "product" and even if we should say it was not such "product", it most certainly was the end result of work performed by or for Pete Wilson so as to bring it within the exclusion in the above definition.

Since the roof is considered Pete Wilson's product or work performed by Pete Wilson, several other provisions in the Aetna policy support our exclusory interpretation of the above definition. Under the policy section "Exclusions" appears the following:

"(j) to property damage to the named insured's products arising out of such products or any part of such products;

"(k) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

"(*l*) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured * * *."

■ The complaint filed by Dunn specifically claimed from Pete Wilson damages resulting from Dunn's repair and replacement of the roof. Exclusion (*l*), in particular, of those set out above clearly exempts Aetna from liability in a suit

brought against the insured to recover such damages. The law in Alabama is clear that insurance companies have the right, in the absence of statutory provisions to the contrary, to limit their liability and write policies with narrow coverage; the insured has the option to purchase the policy or look elsewhere. Life and Casualty Insurance Company of Tenn. v. Whitehurst, 226 Ala. 687, 148 So. 164; Mooradian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915. It is also true that the courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions, by judicial interpretation. General Motors Acceptance Corp. v. Kendrick, 274 Ala. 566, 150 So.2d 185; Calvert Fire Insurance Company v. Green, 278 Ala. 673, 180 So.2d 269. Accordingly we find that the damages Dunn seeks to recover are of a type specifically excluded from the coverage of the Aetna policy and as a result Aetna has no policy obligation to defend the suit or pay any judgment resulting therefrom against Pete Wilson.

Appellee insists that even if there is no coverage under the terms of the policy, Aetna has waived the right to assert such defense for two reasons, viz., (1) that Aetna undertook to defend the suit and cannot thereafter deny liability; and (2) that by Aetna's attorney's disclaiming liability on the sole ground that no policy of Aetna was in effect when the roof was installed, Aetna thereby waived all other defenses. We find no merit in appellee's contentions.

Even if we say, arguendo, that Aetna did undertake the defense of the suit, we have held that an insurance company's assuming control of and defending a lawsuit against an insured under a reservation of rights does not estop the company from asserting an exclusory provision in a declaratory judgment action brought by the insured to establish coverage. Mooradian v. Canal Insurance Co., supra; Inland Mutual Insurance Co. v. Hightower, 274 Ala. 52, 145 So.2d 422. Coverage under an insurance policy cannot be created or enlarged by waiver or estoppel and where there is no ambiguity it is the duty of the court to enforce the policy as written. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Adams, 289 Ala. 304, 267 So.2d 151.

Pete Wilson accepted certain obligations under the contract with Dunn and perhaps believed that the Aetna policy gave all the coverage that would be needed. But "contractual liability" and "product liability" are by no means synonymous and as we read the Aetna policy it clearly excluded any coverage for damages of the type claimed in the Dunn lawsuit.

The trial judge failed to elaborate upon the basis of his decree and we must allow all reasonable inferences to support his findings. However, upon our careful review of the facts of the case, the policies of insurance and the applicable law, we conclude that reversible error was committed by the trial court. We hold that neither Glens Falls nor Aetna is liable under the terms of their respective policies with Pete Wilson to either defend the Dunn lawsuit or pay any judgment against Pete Wilson resulting therefrom. Accordingly the decree of the trial court is affirmed as to the determination that Glens Falls was not liable with respect to the Dunn lawsuit and reversed on the question of Aetna's liability with respect to the said lawsuit.

Affirmed in part, reversed in part, and rendered.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.