The TRAVELERS INSURANCE
COMPANY, Plaintiff-Appellee,

v.

HIGHLANDS INSURANCE COMPANY,
Defendant-Appellant.

No. 76–3062

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1977.

Rehearing Denied March 8, 1977.

James B. Hiers, Jr., Gregory N. Studdard, Atlanta, Ga., for defendant-appellant.

Paul M. Hawkins, William Q. Bird, Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This Georgia diversity suit was brought as a declaratory judgment action by Travelers Insurance Company against Highlands Insurance Company seeking to determine whether a certain vehicle falls within the coverage of Travelers liability policy TMV–911602 ("TMV"). If the vehicle is not covered by the policy Highlands Insurance Company, the excess insurer, becomes responsible.

The insured vehicle is a tank truck whose tank is owned by Standard Oil and leased to a commission agent, who owns the chassis. The truck was involved in an accident causing serious personal injury because of the negligence of its driver. Consent judgments totaling $200,000 were entered against Standard Oil. Travelers, the primary insurer of the tank truck, has two policies with Standard Oil which conceivably could provide coverage for the truck. Under one policy Travelers conceded cover-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

age up to the $100,000 policy limit. Travelers contends, however, that the second policy, the TMV policy in issue here, does not insure the tank truck. Highlands, as excess insurer, contends that the TMV policy does cover the truck so that the TMV $100,000 policy limit should be stacked on the conceded Travelers coverage before the excess coverage is reached. The District Judge sitting without a jury found that the TMV policy did not cover the tank truck and Highlands appealed. We affirm the judgment of the District Judge.

The TMV policy contains four pertinent provisions: the basic printed policy; an attached Personal Automobile Coverage Endorsement ("PACE"); a further endorsement numbered 8000A bearing the same date of issue as the policy, October 27, 1972; and a revised endorsement 8000A made retroactive to November 1, 1972 bearing an issue date of September 28, 1973. The accident occurred on June 20, 1973, about two months before the issue date of the revised endorsement 8000A. The District Judge did not consider the revised endorsement in reaching his conclusions, and neither do we.

The TMV policy contains the following description of vehicles covered by the policy:

*Automobile.* Except with respect to division 2 of Coverage C [1] and except where stated to the contrary, the word "automobile" means (1) *Described automobile* —the motor vehicle or trailer described in this policy.

No particular motor vehicle or trailer is described in the policy. The printed PACE endorsement, however, contains a lengthy definition of "automobile," as follows:

Automobile. The word "automobile" means:

Owned Automobile

(a) a private passenger or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,

(b) a trailer owned by the named insured,

(c) a private passenger or utility automobile ownership of which is acquired by the named insured during the policy period . . ..

(d) a temporary substitute automobile; . . . .

Private Passenger Automobile. The term "private passenger automobile" means a four wheel private passenger or station wagon type automobile.

Utility Automobile. The term "utility automobile" means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for wholesale or retail delivery other than farming or deliveries incidental to the named insured's occupation as a craftsman or as an installer or repairer of furnishings or equipment.

Trailer. The word "trailer" means a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger or utility automobile, or, under Coverages A, B and C, a farm wagon or farm implement while used with a utility automobile. Under Coverages D, E, F, G, Combined Additional Coverage and Towing and Labor Costs Coverage, the word "trailer" does not include a home, office, store, display or passenger trailer.

Endorsement 8000A provides,

It is further agreed that such insurance as is afforded by the policy for bodily injury liability and for property damage liability applies with respect to such liability arising out of the operation or use of any automobiles owned or hired by said company, its subsidiaries, commissioned agents and their employees whose usual duties require the use of automobiles in the business of the insured.

Highlands contends that the tank truck falls within the term "any automobiles" of endorsement 8000A, and that the endorsement controls the policy, being a typed addendum to a printed contract. The

1. Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by, an automobile.

District Judge found that Highlands was attempting to read the words of the endorsement out of context; that "any automobile" must be read in light of the definition of automobile contained in the policy. We agree. The endorsement does not contain any definition of automobile and therefore contains nothing to supersede the definitions included in the printed portions of the contract. No vehicle is specifically described in the contract but the PACE endorsement read as a whole makes clear that "automobile" as contemplated by the policy means passenger-type or light truck, and appurtenant trailer. "Any automobile" in this context means any automobile of the type contemplated by the contract. Viewing the policy as a whole to determine the intention of the parties from the terms of the policy as they would reasonably be understood by the insured, *Ranger Insurance Company v. Culberson,* 5 Cir., 1971, 454 F.2d 857, 861, we find that the TMV policy provided no coverage for the tank truck involved in the June 20, 1973 collision.

AFFIRMED.