TORBERT, Chief Justice.
The plaintiff, Cecil Butler, seeks to apply the proceeds of an insurance policy issued by Michigan Mutual Insurance Company, the defendant-garnishee, to a judgment obtained in a previous action against Walker County Mobile Homes, Johnny Wallace, and John Wallace, the other named defendants. The judgment sued upon was one for defamation. The plaintiff was employed by Walker County Mobile Homes d/b/a Wallace Mobile Homes (Walker County), a corporation co-owned by John Wallace and his son, Johnny Wallace, as manager of its mobile home lot in Muscle Shoals, Alabama. Butler held the manager’s position until June 20, 1977, when his employment by Walker County was terminated. Following his dismissal, Butler claimed that certain defamatory statements concerning him were made by the Wallaces and Walker County. Butler filed suit for these alleged statements on August 2, 1977, and on Sep *951 tember 24, 1979, a judgment was entered against John Wallace, Johnny Wallace, and Walker County Mobile Homes in the amount of $200,000.
On December 12, 1979, Butler filed suit against Michigan Mutual Insurance Company, the insurer of the defendants in the previous action, on the aforementioned judgment, pursuant to Code 1975, § 27-23-2. Michigan Mutual filed for summary judgment based upon certain provisions and exclusions contained in the policy in effect between it and Walker County and the Wallaces. The pertinent provisions of the policy provide:
1. COVERAGE P — PERSONAL INJURY LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury (herein called “personal injury”) sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured’s business:

Group B — The publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual’s right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the named insured;

EXCLUSIONS
This insurance does not apply:

(c) To personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured. [Emphasis added.]
Subsequently, Butler filed affidavits in opposition to Michigan Mutual’s motion. On May 28, 1980, however, the trial judge granted the motion for summary judgment. Butler appeals from the granting of that motion.
A party moving for summary judgment has the burden of clearly showing that under no discernible set of circumstances could the other party recover and that there is an absence of a genuine issue as to any material fact. Amason v. First State Bank of Lineville, 369 So.2d 547 (Ala.1979); Ragland v. Alabama Power Company, 366 So.2d 1097 (Ala.1978); Ancora Corp. v. Miller Oil Purchasing Co., 361 So.2d 1008 (Ala.1978); Loveless v. Graddick, 295 Ala. 142, 325 So .2d 137 (1975); Fleming v. Alabama Farm Bureau Mutual Casualty Insurance Co., 293 Ala. 719, 310 So.2d 200 (1975). The moving party must be entitled to the summary judgment as a matter of law. Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala.1978); Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala.1978); Birmingham Television Corp. v. Water Works, 292 Ala. 147, 290 So.2d 636 (1974). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala.1979); Papastefan v. B & L Construction Co., 356 So.2d 158 (Ala.1978); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
Rule 56(e), Alabama Rules of Civil Procedure, however, provides that once a motion for summary judgment has been made and supported as required by the rule, the motion is to be granted unless the adverse party makes an evidentiary or factual showing in opposition to show that there is a genuine issue of fact for trial. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala.1979); Gulf American Fire & Casualty Co. v. Azar, 364 So.2d 332 (Ala.Civ.App.), cert. denied, 364 So.2d 335 (Ala.1978). Michigan Mutual carried its burden by introducing sworn testimony taken in the previous action, proceedings of record in the court file from the previous action, and a certified copy of the insurance policy in question.[1] *952 We hold that these records clearly establish that any defamatory statements made were directly or indirectly related to Butler’s employment with Walker County, and thus were within the exclusionary provisions of the insurance policy.
The exclusionary clause in the insured’s policy is, without doubt, a valid exercise of Michigan Mutual’s rights. The law is clear that insurance companies, in the absence of statutory provisions to the contrary, have the right to limit their liability and write their policies with narrow coverage. Aetna Insurance Co. v. Pete Wilson Roofing & Heating Co., 289 Ala. 719, 272 So.2d 232 (1973); Mooradian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915 (1961); Life & Casualty Ins. Co. v. Whitehurst, 226 Ala. 687, 148 So. 164 (1933). These insurance contracts must be enforced as written and courts cannot defeat express provisions in a policy by judicial interpretation. Aetna Insurance Co. v. Pete Wilson Roofing & Heating Co., 289 Ala. 719, 272 So.2d 232 (1973); Calvert Fire Insurance Co. v. Green, 278 Ala. 673, 180 So.2d 269 (1965); General Motors Acceptance Corp. v. Kendrick, 274 Ala. 566, 150 So.2d 185 (1962). Thus, the burden was shifted, upon submission of testimony and records by Michigan Mutual, to Butler, to present at least a scintilla of evidence to the contrary, that tends to raise significant issues of material fact.
Butler contends that the affidavits presented by him did indeed raise factual issues. We hold, however, that as a matter of law, these affidavits are insufficient to prevent a summary judgment from issuing. The affidavits presented by Butler were his own and that of Toni Malone. Butler’s affidavit shows no facts or circumstances regarding the defamatory statements allegedly made about him. His affidavit consists merely of allegations and denials and fails to allege that these statements were based on personal knowledge. It is the rule that when a motion for summary judgment is made and is supported as provided in Rule 56, Alabama Rules of Civil Procedure, a party adverse to such a motion may not rest upon the mere allegations or denials of the pleadings and must submit facts controverting those facts presented by the moving party. Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala.1977); Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975); Glover v. Merchants Adjustment Service, 57 Ala.App. 62, 326 So.2d 129 (1976). Likewise, the affidavits must be made on personal knowledge and must set forth facts to show that the evidence would be admissible as testimony to contradict the movant’s evidence. Arrington v. Working Woman’s Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala.1977). The scintilla rule cannot be satisfied by speculation and the evidence presented must be supported by at least a reasonable inference. Arrington v. Working Woman's Home, 368 So.2d 851 (Ala.1979); Oliver v. Brock, 342 So.2d 1 (Ala.1977). It is thus quite apparent that Butler’s affidavit does not meet this test.
Similarly, Toni Malone’s affidavit fails to raise a factual issue. Toni Malone and her husband, Teri, had previously purchased a mobile home from Walker County and had dealt with Cecil Butler. Her affidavit states that she later returned to the lot and asked Butler’s successor as manager, Jack *953 Wrinkles, where Butler was. Mrs. Malone’s affidavit shows that any defamatory remark made by Wrinkles in reply to her question was either directly or indirectly related to his employment with Walker County. Wrinkles’ reply was made as an agent of Walker County, dealt with things done by Butler while he was employed by Walker County, and was made to customers of Walker County with whom Butler had dealt while serving as manager of the Muscle Shoals lot. Thus this statement would undoubtedly fall under the exclusion set forth by the insurance policy.
It is, therefore, clear that Butler has not presented evidence to contradict Michigan Mutual’s evidence in support of summary judgment. When no evidence is offered to contradict that presented by the movant, then the court has no alternative but to consider the evidence uncontrovert-ed; and summary judgment, if warranted by such evidence, may be entered against the non-moving party. Gulf American Fire & Casualty Co. v. Azar, 364 So.2d 332 (Ala.Civ.App.), cert. denied, 364 So.2d 335 (Ala.1978).
Summary judgment is proper when the evidence of record shows no genuine issue of material fact. Guillotte v. Pope & Quint, Inc., 349 So.2d 62 (Ala.Civ.App.1977). Since Butler has presented no issue of material fact, the summary judgment must be sustained.
Appellant Butler also contends that the term “directly or indirectly related,” as contained in the policy exclusion and as it relates to Butler’s employment, was not litigated in the previous court action but should have been and that Michigan Mutual must be bound by the outcome of that action. This contention is without merit. While it is generally true that a party and his privies are bound by a previous judgment or decree, there can be no privity where there is not an identity of interest. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Moore, 349 So.2d 1113 (Ala.1977). Michigan Mutual was not a party to the previous action and that action did not address the question of whether the defamatory acts were excluded under the specific exclusionary clause in question. Thus, Michigan Mutual can not be bound by the previous action and can thus allege and prove that the offenses charged were either directly or indirectly related to Butler’s employment by Walker County.
It is therefore apparent that the evidence of record with the trial court shows that no genuine issue as to any material fact exists. The trial court did not err in granting the motion for summary judgment and the case is hereby affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.

. In his deposition, upon being questioned about what he thought the Wallaces had done to defame him, Butler replied:
*952 A. Well, I was working up here and Mr. Wallace came up here one morning and asked if 1 could get by on my unemployment. I said, “What is wrong?” He said “Well, you are the lowest man. Since business has slowed down, we are going to have to lay you off for a while.” It upset me ....
Q. Is that the extent of what you are saying they did in your lawsuit?
A. Well, they accused me of stealing — taking money. They called my boy up from Haleyville to come over there — Johnny did.
Q. Who did they tell that you stole?
A. My boy.
Q. Mike?
A. Yes.
Q. Who else?
A. I can’t say. I don’t know.
Q. Is that all?
A. No, there were some other people—
Butler continued to say that the Wallaces told “[e]verybody that works for Wallace Mobile Homes” that he had been stealing and embezzling money from the mobile home business during the time he was employed there.