This is an appeal from a declaratory judgment entered by the Randolph County Circuit Court.
The appellant, Elmer Fincher (insured), filed for declaratory judgment to determine the subrogation rights of appellee, J.C. Penney Casualty Insurance Company (insurer), under the provisions of the insured's automobile insurance policy. The trial court entered a judgment allowing the insurer its subrogation rights. The insured appeals. We affirm.
On March 6, 1985 an automobile, owned by the insured under a policy with the insurer, was involved in a one-car collision allegedly due to defective workmanship of the steering mechanism. The insurer advised the insured of his right to receive payment under his policy; however, the insured declined to make a claim at that time. In June 1985 the insured filed suit in the United States District Court for the Northern District of Alabama against General Motors Corporation for liability for damage to the automobile. The suit was brought under the Alabama Extended Manufacturer's Liability Doctrine.
On April 1, 1986 the insured entered into a settlement agreement with General Motors for $20,000 in full and final settlement of claims. The insured also executed a release with General Motors releasing it from liability to the insured for "all claims, demands, damages, actions, causes of action,subrogation claims or suits of any kind or nature whatsoever" (emphasis added). The suit was thereafter dismissed with prejudice.
On April 7, 1986 the insured demanded payment from the insurer for collision damage to his automobile. The insurer declined to make the payment since the settlement between General Motors and the insured cut off the insurer's subrogation rights under the policy.
The insured contends that under a strict reading of the policy the insurer has expressly excluded its subrogation rights. The applicable provisions of the policy include: *Page 533 
PART D
 "We will pay for direct and accidental loss to your covered auto, including its equipment, minus any applicable deductible shown in the Declarations. . . ."
PART F
 "We must be notified promptly of how, when and where the accident or loss happened. . . .
"A person seeking any coverage must:
 "1. Cooperate with us in the investigation, settlement or defense of any claim or suit."
PART G
"5. OUR RIGHT TO RECOVER PAYMENT
 "A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights and shall do nothing after loss to prejudice them. However, our rights in this paragraph do not apply under Part D against any person using your covered auto with a reasonable belief that that person is entitled to do so.
 "B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery and shall reimburse us to the extent of our payment." (emphasis added)
Although the insured asserts that the underlined language in Part G, section 5, is not ambiguous, he contends the provision should be read to mean subrogation rights are excluded under the collision provision of Part D, since he was a person using the automobile "with a reasonable belief" that he was entitled to do so. We disagree.
 "In Alabama, insurers have the right, absent statutory provisions to the contrary, to limit their liability and write policies with narrow coverage. Aetna Ins. Co. v. Pete Wilson Roofing Heating Co., 289 Ala. 719, 272 So.2d 232 (1972). Thus, although the presence of an ambiguity in an insurance contract requires construction of the policy in a manner most favorable to the insured, Employers Ins. Co. of Alabama v. Jeff Gin Co., 378 So.2d 693 (Ala. 1979), where there is no ambiguity in its terms, this Court must enforce the contract as written and cannot defeat express provisions in the policy, including exclusions, by making a new contract for the parties."
Turner v. United States Fidelity Guaranty Co., 440 So.2d 1026
(Ala. 1983). Moreover, the fact that an insured suggests a different construction of a policy provision does not necessarily mean that such provision is ambiguous. Gregory v.Western World Insurance Co., 481 So.2d 878 (Ala. 1985).
We hold, as did the trial court, that the language of the provision in question is not ambiguous. It simply means that the insurer does not have a right of subrogation against the insured or any person using the automobile with insured's permission for damage to the covered automobile. However, subrogation rights would and do apply as a result of damage to insured's vehicle caused by third parties or a thief. In the case sub judice, damage to insured's vehicle was caused by a third party. Thus, we find no error in the trial court's determination that the insurer was entitled to subrogation rights.
By releasing General Motors from all claims, the insured effectively precluded the insurer from enforcing its subrogation rights granted to it by the terms of the policy. The insurer's right to subrogation is dependent upon General Motors' liability to the insured, which liability was released by the agreement. Lady Corinne Trawlers, Inc. v. ZurichInsurance Co., 507 So.2d 915 (Ala. 1987).
We find no error in the court's determination that the insurer had subrogation rights under the questioned provision of the policy. The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur. *Page 534