Hillsborough
No. 90-414

BETTE E. STEVENS

v.

MERCHANTS MUTUAL INSURANCE COMPANY

November 7, 1991

*Nixon, Hall and Hess P.A.*, of Manchester (*Francis G. Murphy, Jr.*, on the brief and orally), for the plaintiff.

*Hall, Morse, Anderson, Bauer & Miller P.C.*, of Concord (*William S. Hall* on the brief and orally), for the defendant.

HORTON, J.   The plaintiff appeals the Superior Court's (*Groff*, J.) dismissal of a declaratory judgment action against her insurance carrier, Merchants Mutual Insurance Company (Merchants), seeking to obtain uninsured motorist coverage. She contends, alternatively, that the consent to settlement term of her uninsured motorist coverage (a) is void for legislatively and judicially expressed public policy reasons, or (b) was rendered ineffective because the insurer waived its underlying subrogation right, or (c) is unenforceable due to the lack of prejudice to the insurer under either New Hampshire or Massachusetts law. We disagree, and therefore affirm.

The plaintiff was injured on February 27, 1987, in a collision in Massachusetts with an automobile operated by Douglas R. Mellor, Jr. The plaintiff's car was owned by the plaintiff's father, Wayne Potter, and insured by Commerce Insurance Company (Commerce). At the time of the accident, the plaintiff was insured under a policy issued by the defendant Merchants, which provided $100,000 of uninsured motorist coverage.

The plaintiff was able to settle her claims against Mr. Mellor for his full policy limit of $20,000, with the consent of Commerce. She then settled with Commerce for the full amount of underinsured benefits available under Mr. Potter's policy ($100,000 less the $20,000 settlement with Mr. Mellor). Merchants was not asked to consent to either settlement. In her petition, she alleges that Merchants would have given consent had they been notified, and that Merchants was not prejudiced by the settlement. When the plaintiff sought underinsured motorist coverage under her Merchants' policy, Merchants denied coverage. It relied on an exclusion, contained in the contract, which required the insurer's written consent to all settlements.

■ ■ As an initial matter, the plaintiff asserts that the interpretation of the contract is governed by Massachusetts law because the accident occurred there, the tort-feasor was a Massachusetts resident, the tort-feasor's insurance policy was issued and delivered in Massachusetts, the settled litigation was commenced in the Massachusetts courts, Massachusetts law governed the liability aspects of the accident, and Massachusetts witnesses predominated in the accident case. Under Massachusetts law, Merchants would be required to show prejudice to its rights before the exclusion could be enforced. *MacInnis v. Aetna*, 403 Mass. 220, 526 N.E.2d 1255 (1988). The cited contacts would weigh heavily for the choice of Massachusetts law in a liability case tried in this forum. This, however, is a case involving the interpretation of a contract of insurance. As we decided in *Glowski v. Allstate Insurance Co.*, 134 N.H. 196, 589 A.2d 593 (1991), interpretation of the underlying insurance contract, absent compelling contrary reasons, is governed by the law where the insured risk is situated. *Id.* at 198, 589 A.2d at 595. In this case, the plaintiff's car was garaged in New Hampshire. New Hampshire law applies to the interpretation of the contract.

On appeal, the plaintiff argues that the contract's exclusion is void because it is repugnant to public policy. She argues that various public policy conditions have changed since we last addressed this issue in *Charest v. Union Mutual Insurance Co.*, 113 N.H. 683, 313 A.2d 407 (1973) (upholding the validity of a consent to settlement exclusion). We do not agree.

■ The legislature has amended the uninsured motorist statute, RSA 264:15, formerly RSA 268:15-a, since the *Charest* decision. Contrary to the plaintiff's assertion, however, these changes do not evince a policy which would restrict an insurance company's ability to require prior consent to settlement in aid of its subrogation rights. A review of these amendments discloses no intent to eliminate a requirement of prior consent to settlement or to limit or abolish the insurer's right of subrogation. Nor do we find any policy expressed in the decisions of this court supporting the plaintiff's position. We come to the same conclusion reached in *Charest*, that "[a]bsent statutory provisions or public policy to the contrary, insurers have a right to limit their liability. . . ." 113 N.H. at 686, 313 A.2d at 409.

The exclusion contained in the policy is of obvious relevance to an insurance company whose legal rights and responsibilities are directly affected by a settlement with other parties. *Charest*, 113 N.H. at 687, 313 A.2d at 409. Its purpose is not to cut back on an insured's

entitlement to coverage. It remains in an insured's own power to take reasonable steps to maintain his or her entitlement to the benefits. This term is not overreaching, nor is it unduly restrictive. Therefore, the provision is valid and legally enforceable, and is not contrary to any public policy.

■ The plaintiff next advances the argument that Merchants has waived its subrogation rights, and that this renders the exclusion term unnecessary. The plaintiff urges us to follow the reasoning of *Silvers v. Horace Mann Insurance Co.*, 90 N.C. App. 1, 12–13, 378 S.E.2d 21, 27 (1989). There, the North Carolina Supreme Court held that the policy in question had disavowed the right to subrogate in cases of uninsured motorist coverage. While at first glance the same disavowal appears in the Merchants policy, limiting the express subrogation clause (Condition 13) to Part I (Liability) and Part III (Physical Damage), closer scrutiny reveals that Merchants has not waived its subrogation rights. In Part IV, which contains the uninsured motorist coverage, Merchants has provided for a "trust agreement" that provides:

"In the event of payment to any person under this Part:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this part;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person . . . ;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company . . . ."

This is a right of subrogation, expanded. *See Charest*, 113 N.H. at 687, 313 A.2d at 409. This right is appropriately protected by a consent to settle provision. Merchants has not waived any rights, and has explicitly reserved those rights which are sought to be protected by the "consent to settle" provision. It has a legitimate purpose for including the consent to settlement exclusion in its policy.

■ The plaintiff finally argues that Merchants must prove that it was substantially prejudiced by her failure to procure its consent to settlement, before it may enforce the permission to settle clause. This court, however, has previously held in *Charest* that, under language similar to that which we are asked to examine here, the exclusion of coverage occurs when the insured makes the unauthorized settlement, and that such exclusion is not "dependent on whether the right of subrogation will eventually produce a reimbursement." *Charest*, 113 N.H. at 688, 313 A.2d at 410. We therefore decline the plaintiff's invitation to overrule *Charest* and hold that enforcement of the permission to settle clause is not dependent on a showing of prejudice to the insurer.

■ The plaintiff's petition for declaratory judgment concedes that she violated the exclusion by not obtaining Merchants' prior consent to the settlement with Mr. Mellor. Merchants has reserved rights to reimbursement, a right also provided by statute. RSA 264:15, IV. The consent to settlement clause is plain and unambiguous, and serves the legitimate purpose of protecting these rights. We have not been presented with any new expression of a public policy which has changed since our decision in *Charest*. Therefore, we hold that the trial court correctly dismissed the plaintiff's petition.

*Affirmed.*

All concurred.