Hillsborough
No. 90-569

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY

v.

CYNTHIA DUMONT, ADMINISTRATRIX OF THE
ESTATE OF MARY HELEN DUMONT

December 31, 1992

*Bouchard & Mallory, P.A.*, of Manchester (*Mark L. Mallory* on the brief and orally), for the plaintiff.

*The Law Office of Thomas Craig, P.A.*, of Manchester (*H. Nina Bernard* and *Paul D. Parnass* on the brief, and *Mr. Parnass* orally), for the defendant.

MEMORANDUM OPINION

BROCK, C.J. The defendant, Cynthia Dumont, the administratrix of the estate of Mary Helen Dumont, appeals the Superior Court's (*Goode*, J.) denial of her claim for underinsured motorist coverage. For the reasons that follow, we affirm.

On January 26, 1989, Mary Helen Dumont was killed when the vehicle she was in, operated by Mehrdad Karjoo, collided with a tow truck owned by Westmere Service. Karjoo and Westmere Service were insured for applicable liability limits of $50,000 and $1,000,000, respectively. The decedent was insured by Prudential Property and Casualty Insurance Company (Prudential) for $100,000 in underinsured motorist coverage under her mother's family auto policy.

The defendant made claims against Karjoo and Westmere Service for wrongful death and sought underinsured motorist benefits from Prudential through arbitration. Prudential then initiated a declaratory judgment action denying any obligation to provide underinsured motorist benefits because the defendant had not, *inter alia*, requested consent from Prudential to settle against either Karjoo or Westmere Service. While the declaratory judgment action was pending, the defendant requested Prudential's consent to settle both wrongful death claims for $225,000—$175,000 from Westmere Service and $50,000 from Karjoo. Prudential, believing that more insurance proceeds were available from Westmere Service, refused to consent to the settlement agreement. The defendant nevertheless settled with the tortfeasors' liability carriers. Prudential was given no information concerning the negotiations between the estate and

the tortfeasors prior to the settlement. At a hearing on its petition for declaratory judgment, Prudential claimed that the defendant waived her right to underinsured motorist benefits because she failed to obtain consent to settle and failed to exhaust available insurance from other sources, namely, Westmere Service's policy. The superior court ruled in Prudential's favor, and the defendant appealed.

The defendant contends that any right Prudential has to subrogation or setoff applies only to the underinsured motorist (Karjoo) and not to the fully insured co-tortfeasor (Westmere Service). Thus, she concludes that the "consent-to-settle" and "exhaustion" clauses in Prudential's policy do not apply to the defendant's negotiation and settlement of claims against tortfeasors other than the underinsured motorist.

Our recent decisions in *Bonte v. American Global Insurance Co.*, 136 N.H. 528, 618 A.2d 825 (1992), and *Anderson v. Fidelity & Casualty Co. of N.Y.*, 134 N.H. 513, 594 A.2d 1293 (1991), address the relevant legal arguments raised by the defendant in this case. They establish that an underinsured motorist insurance carrier may, in calculating its payment under an underinsured motorist policy, set off the amounts recovered from tortfeasors other than the underinsured motorist to the extent that those amounts represent double recovery. An underinsured motorist carrier has a legitimate interest in making sure that an insured receives the greatest amount possible from other tortfeasors and, therefore, is entitled to protect itself from an unreasonable settlement agreement. *See Charest v. Union Mut. Ins. Co.*, 113 N.H. 683, 313 A.2d 407 (1973). The policy's "consent-to-settle" and "exhaustion" clauses relied upon by the plaintiff in this case are acceptable means of protecting this interest. *See, e.g., Stevens v. Merchants Mut. Ins. Co.*, 135 N.H. 26, 30, 599 A.2d 490, 493 (1991) (upholding a "consent-to-settle" clause); *Amica Mut. Ins. Co. v. Morrison*, 130 N.H. 250, 255–56, 536 A.2d 199, 202 (1987) (upholding an "exhaustion" clause). Therefore, because the defendant did not comply with the policy's requirements, the plaintiff's denial of coverage was not improper.

The defendant also contends that the plaintiff unreasonably withheld its consent to settle with the underinsured motorist. This claim, however, is based solely on the defendant's argument, rejected above, that the plaintiff may not set off monies received from other tortfeasors and is therefore without merit.

*Affirmed.*

All concurred.