Cheshire
No. 2004-612

GARRY K. HARRINGTON

v.

CONCORD GENERAL MUTUAL INSURANCE COMPANY

Argued: February 9, 2005
Opinion Issued: March 21, 2005

*Hall Stewart, P.A.*, of Manchester (*Francis G. Murphy* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Mary Ann Dempsey* on the brief, and *Mr. Rehnborg* orally), for the defendant.

DALIANIS, J. The plaintiff, Garry K. Harrington, appeals an order of the Superior Court (*Arnold*, J.) granting summary judgment to the defendant, Concord General Mutual Insurance Company (Concord General). We affirm.

The parties stipulated to the following facts. On or about December 20, 2000, the plaintiff was involved in an accident with Edward Laborio. Laborio was driving a car; the plaintiff was on foot. Laborio was, at the time, employed as a delivery person by Cheshire Village Pizza, and was delivering pizza when the accident occurred. The plaintiff sued Cheshire Village Pizza and Laborio, seeking damages for injuries sustained in the accident.

Cheshire Village Pizza had an automobile liability insurance policy with Empire Insurance Company. The applicable limit of this policy was $750,000.

It provided coverage for Cheshire Village Pizza with respect to the accident, but did not provide coverage for Laborio individually. At the time of the accident, Laborio did not have personal automobile liability insurance. The plaintiff had an automobile insurance policy with Concord General.

Without the knowledge or consent of Concord General, the plaintiff settled his claim against Cheshire Village Pizza for $40,000 on December 6, 2002. After receiving an affidavit of non-insurance from Laborio, the plaintiff filed a motion for voluntary non-suit without prejudice of his claim against Laborio, which was granted on January 8, 2003. On or about January 8, 2003, the plaintiff's attorney mailed Laborio's affidavit of non-insurance to Concord General, and made a demand for uninsured motorist benefits.

The plaintiff's insurance policy with Concord General provides uninsured motorist coverage of up to $100,000 per person and $300,000 per occurrence. On or about April 14, 2003, the plaintiff's attorney informed Concord General of the settlement with Cheshire Village Pizza and the voluntary non-suit. On or about May 1, 2003, Concord General informed the plaintiff's attorney that it was denying his claim for uninsured motorist benefits.

The plaintiff filed suit in superior court, seeking a declaratory judgment that Concord General was required to provide uninsured motorist coverage for injuries sustained by the plaintiff in the accident. On cross-motions for summary judgment, the trial court found as a matter of law that Concord General was not required to provide uninsured motorist benefits to the plaintiff.

The plaintiff makes two arguments on appeal. First, he argues that RSA 259:61, I (2004) requires Concord General to provide at least $25,000 worth of insurance coverage, and any attempt to escape this obligation is voided by the Financial Responsibility Act, RSA chapter 264. The plaintiff next argues that four provisions of the policy upon which Concord General relied to deny him coverage are not applicable to his claim.

RSA 259:61, I, defines a "motor vehicle liability policy" as a policy of liability insurance which provides indemnity or protection for the insured in an amount of at least $25,000 for an accident in which one person is injured. The plaintiff reads this definition in tandem with RSA 264:15, I, which requires an insurance company to provide uninsured motorist

coverage in an amount equivalent to that of liability insurance coverage purchased by an insured. RSA 264:15, I (2004). The plaintiff argues that Concord General cannot avoid the responsibility imposed by these two statutes to provide uninsured motorist coverage of at least $25,000. He insists that Concord General is required to provide this minimum coverage, even if the provisions it relies upon in its policy to deny him coverage are valid. We disagree.

We are the final arbiters of the intent of the legislature as expressed in the words of a statute considered as a whole. *Wegner v. Prudential Prop. & Cas. Ins. Co.*, 148 N.H. 107, 108 (2002). RSA 264:15, I, is intended to allow policy holders to protect themselves against injury from an uninsured motorist to the same extent that they protect themselves against liability. *Turner v. St. Paul Prop. & Liab. Ins. Co.*, 141 N.H. 27, 29 (1996). We have recognized that the parties to an insurance contract may not by agreement limit the required coverage in contravention of the Financial Responsibility Act. We have, however, also held that we are not at liberty to find uninsured motorist coverage when it is not required by the statute. *Wegner*, 148 N.H. at 109.

■ RSA 264:15, I, requires only that uninsured motorist coverage be provided to policy holders in the same amount as liability coverage. This requirement was met in this case, as the plaintiff had uninsured motorist coverage in an amount equal to his liability coverage.

■ It is well settled that absent statutory provisions or public policy to the contrary, insurers have a right to limit their liability by exclusions written in terms that convey their meaning and effect to a reasonable person in the position of the insured. *Id.* Concord General remains free to limit its liability through clear and unambiguous policy language. *See Turner*, 141 N.H. at 30. Therefore, if we find that the policy contains a clear and unambiguous exception to uninsured motorist coverage, we can conclude that Concord General's refusal to provide coverage to the plaintiff is not in contravention of the law.

The plaintiff raises objections to four of the provisions in the insurance policy that would seem to deny him coverage. The first provision is what the plaintiff terms a "consent to settle" clause, in endorsement PP 04 45 06 94, under the heading "Insuring Agreement," which relates to settlements with insurers of underinsured motor vehicles. The second provision, under the heading "Exclusions" is Exclusion B.1, found in the same endorsement. The third provision, also in the same endorsement, is found under the "Additional Duty" section, and describes additional duties of insureds

seeking underinsured motorist coverage. The fourth provision is found in the main body of the policy, in Part F—General Provisions, under the heading "Our Right to Recover Payment," and provides that Concord General is entitled to the proceeds of any payment the insured is entitled to, or collects, if Concord General has made a payment under the policy.

The interpretation of insurance policy language is a question of law for this court to decide. *Raudonis v. Ins. Co. of North America*, 137 N.H. 57, 59 (1993). If one of these provisions effectively denies coverage to the plaintiff, then we see no need to examine the rest. The plaintiff argues that the first and third provisions do not apply as he is not seeking underinsured motorist benefits, but uninsured motorist benefits. He argues that the fourth provision does not apply because Concord General never made a payment under the policy. We need not decide these issues, because we find that the second provision, Exclusion B.1 is applicable, and effectively denies coverage to the plaintiff.

Part C of the insurance policy, as amended by endorsement PP 04 45 06 94, is titled "Uninsured Motorists Coverage—New Hampshire." Under the section heading "Exclusions," the policy states "B. We do not provide Uninsured Motorists Coverage for 'property damage' or 'bodily injury' sustained by any 'insured': 1. If that 'insured' or the legal representative settles the 'bodily injury' or 'property damage' claim without our consent."

The plaintiff argues that this exclusion has no bearing on his claim for coverage, because he did not settle his claim against Laborio, the uninsured motorist. The plaintiff further argues that his claim against Cheshire Village Pizza was not an uninsured motorist claim, and therefore the provisions of Part C of the policy do not apply, and impose no obligation on him regarding his "entirely separate claim … against an uninsured motorist."

The plaintiff, however, admits he is seeking uninsured motorist coverage from Concord General. Therefore, Part C of the policy applies. In addition, Exclusion B.1 does not require that the plaintiff settle a bodily injury claim with an uninsured motorist. It merely states that Concord General will not provide coverage if the insured, in this case the plaintiff, settles the bodily injury claim without its consent. We hold, therefore, that this exclusion clearly and unambiguously requires the plaintiff to obtain Concord General's consent before he settles any bodily injury or property damage claim in order to receive uninsured motorist benefits related to that claim. *See Stevens v. Merchants Mut. Ins. Co.*, 135 N.H. 26, 28-29

(1991) (upholding exclusion of coverage based upon consent to settle clause where insured settled with parties without insurer's prior consent.)

We disagree that the claim against Laborio is "entirely separate" from the claim against Cheshire Village Pizza. The plaintiff admitted at oral argument that the basis of his claim against Cheshire Village Pizza was vicarious liability for Laborio's conduct and its duty to supervise Laborio. These claims were predicated upon Cheshire Village Pizza's responsibility for its employee's conduct in connection with the accident at issue, and sought damages for the same injuries that resulted from the accident with Laborio. Therefore, these were "bodily injury" claims under Exclusion B.1 and could not be settled without Concord General's consent.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DUGGAN and GALWAY, JJ., concurred.